## THE STATE OF IOWA, *ex rel.* HIATT AND HARBIN V. THE CITY OF KEOKUK.

1. STATUTE CONSTRUED.   Section 9, Chapter 77, Session Laws 1852–3 does not confer upon the city council the power to set aside and disaffirm the report of the commissioners, appointed under section 6 of the same act, to assess and apportion the damages sustained by opening a street through private property.
2. SAME.   The findings of such commissioners, are in the nature of awards, or verdicts, and the authority of one of the parties in interest to set them aside will not be sustained on doubtful implications.
3. SAME.   The power to confirm or reject, conferred by section 9, of said act, has reference to taxes other than those levied to pay for property taken for streets.
4. ALLEGATION: ESTOPPEL.   After the respondents, by their return, admit the appointment of the commissioners, they are estopped from taking any exceptions to the failure of the relators to allege and show that they were qualified and duly appointed.

5. RETURN. A return by commissioners in their report of a portion of the property upon which damages are assessed, as of owners unknown, is not defective.

6. REFERENCE. *Semble*, that the council may refer a report back to the commissioners, with instructions to perfect or correct it; but they cannot remove the commissioners.

7. WORK MAY BE ABANDONED. Also, where the assessment of damages amounts to more than the value of the improvement, the city has power to abandon the work before the property of individuals is taken.

8. MANDAMUS. Where a city council appointed three commissioners to assess and apportion damages sustained by the extension of a street through private property, and the commissioners made a report awarding to the owner of the property taken a certain sum, and assessing a tax on the property adjoining, to pay the same, which was set aside, whereupon new commissioners were appointed, who also made a report, and the city proceeded to open the street, but refused to collect the tax assessed by the first commissioners; *Held*, that *mandamus* to compel the city to proceed to collect said tax, is the proper remedy.

### *Appeal frow Lee District Court.*

### WEDNESDAY, OCTOBER 26.

AT the September term 1857, of the District Court in Lee county, John M. Hiatt and Leander Harbin, filed their information representing that the council of the city of Keokuk had ordained that Third Street, in said city, should be extended beyond its former limits, so as to run through certain land of the relators, and directly over a mill containing a saw mill and lath and planeing machine, belonging to them, of great value; that, under the act of January 22, 1853, (Acts 1853, page 132,) the said council appointed Creel, Cleghorn and Connable, commissioners to assess the damages of petitioners, &c., which commissioners, having been duly qualified, proceeded to the discharge of their duty, and on the 17th March, 1857, made their report to the council, awarding to the petitioners the sum of nineteen thousand and five hundred dollars, as their damages, and assessing the same upon the adjacent property benefited thereby; but that the mayor of the city neglected, and, though requested,

refused to give notice of such assessment, and the council refuses to proceed to collect the same, and pay it to the petitioners, although the said Third street is being cut through and extended, and the said property is appropriated to, and used by the said city. Wherefore they pray that a writ of *mandamus* may be issued commanding the mayor and the city council to proceed to give the aforesaid notices, and collect and pay over the said damages.

The respondents answer admitting the premises, the appointment of the said commissioners and the report by them, but stating that, under the authority conferred upon them by the act before referred to, (which is an amendment to the charter of the city,) on the 13th April, 1857, they did set aside, and reject, the report of the said Creel, Cleghorn and Connable, and appointed three other commissioners, to-wit: Sullivan, Perry and Hilton, to reassess the aforesaid damages, and that the said property has been taken, and the work has progressed since the report of these last commissioners, and that it was not done under the report of those first appointed.

The District Court held the return insufficient, and ordered that a peremptory writ issue, and from this the respondents appeal.

*Worthington & Lomax*, and *Turner & Craig*, for the appellants.

*Rankin & Miller*, *George C. Dixon* and *McAllister*, for the appellee.

Woodward, J.—The respondents contend that the power to reject the report of the first commissioners, is implied in the ninth section of the amendatory act referred to (page 134). This amendment of the charter gives the council authority to levy (in addition to taxes before allowed,) a special tax for improving the streets and wharves, (section 1;) a special tax on lots, or the owners, for the purpose of curbing, paving and grading the sidewalks; and a special tax on

lots, or the owners, for the purpose of paving, &c., the streets in front of the lots. Then, section 9 enacts that "all taxes and assessments, general or special, levied or assessed under this act, *or the act to which this is an amendment*, shall be a lien on the real estate for one year from, and after the assessment has been confirmed by the city council."

The power to confirm, may imply the power to reject where the first of these is applicable. But it is to be remarked that this section (9th) relates to several kinds of taxes. The power of affirming or disaffirming the assessment is very properly applicable to some of them. But when the case becomes one between two parties, and the city is one party, seeking to take the property of an individual for the public use, it is claiming too much, that one of the parties should have the option to reject an assessment which may not happen to suit his views. These findings are in the nature of awards between opposing interests, and our statutes go quite far enough in giving one of the parties the authority to appoint the commissioners or jurors, and in other remarkable features of some of them. The authority for one party to set aside such an award, or verdict when it may suit him, is not to be drawn from a doubtful implication. If such a power can stand at all, it is only under an express gift, or a necessary inference. There are several other taxes and assessments referred to in the above act to which the power of confirmation may apply, without extending it to a case like this.

The respondents give no reason, in their return, for rejecting the report, because they say it is a discretionary power, and they are not called upon to show a reason. Yet the counsel argue the sufficiency of the report, and therefore we will advert to the objections. They are, in substance, that it does not show upon its face, nor do the petitioners show, the qualifications of the commissioners, as that they were disinterested freeholders, residing in the city, sworn; and that in assessing the damages upon the neighboring property they return a part of it as of owners unknown,

whilst the defendants say they should name the owners, since without this the notice required cannot be given.

In the first place, in answer to these objections to the report; the report commences, "we the undersigned, appointed and duly sworn to assess the damages and benefits to accrue to individuals by reason of the extension of Third street, &c., do hereby assess to the several parties interested therein, and to the several parcels of property, as follows, &c." Then the respondents, in their return, admit that Creel, Cleghorn and Connable, were elected by them to assess the damages and benefits to accrue, &c., and that they made their report as alleged. Now, assuming that the city could, under some circumstances, question their qualifications after having appointed them, yet they admit sufficient here to estop them, for they must be presumed to have appointed qualified persons; and admitting the appointment, they cannot now say they appointed persons unqualified.

Then as to the objection that the commissioners have returned part of the property on which the damages are assessed, as of owners unknown; if this is an obstacle to proceeding legally, the defect is in the statute, in not providing a mode of notice for such a case, and not in the report. Such a state of case may occur in any assessment list. The statutes relating to assessments and tax lists, recognize this contingency as one which may occur.

But there is another view to be taken. Supposing the council might set aside *the report* for any of these objections appearing on its face, does it follow that they may set aside the commissioners? They might, perhaps, refer the report back to that board, to be corrected or perfected, but we see nothing which authorizes them to set aside these commissioners and appoint others in their place. The law cannot intend to place such unequal power in the hands of one of two parties opposed in interest.

To the argument that the city must have some power of action to provide for a case where the assessment of damages is more than the worth of the improvement, we remark that

we are not prepared to say that the city has not the power to abandon the proposed work before the property of individuals is taken; but it seems clear that one of the parties has not the power to control the commissioners, and to appoint new ones, until the damages are brought to square with the views of that party. As well might the other party claim the right to a new commissioner, to raise the valuation.

It is objected that the relators show no right to the writ, and no specific duty ·to be performed by the city, or its council. Such a right, and such a duty, are shown in the information, in the proceedings to take the property of relators. The right is, to their compensation, and the duty is a corresponding one, to proceed to collect it as directed by law. There is no other process to compel the city to proceed. An action of trespass would assume the proceedings to be void.

The judgment of the court awarding a peremptory writ is affirmed.