# JACOB P. KLEIN, Impleaded, &c.,

## *v.*

# MATTHIAS T. HORINE.

1. CHANCERY—*of a substituted bill.* Where an original bill in chancery is lost, and a bill is substituted, the substituted bill should, of itself, contain all the material allegations necessary to justify the relief sought, without reference to the original bill.

2. FRAUD—*of a proper allegation thereof.* Where the bill alleges fraud against the payee and assignees of a note, in the assignment of it, to avoid garnishment or enjoining of payment, the bill should aver the material facts upon which the allegation of fraud is based.

3. FRAUDULENT TRANSFER OF NOTE—*assignee must participate.* Where it is alleged that the assignment of a note was fraudulent, for the purpose of hindering and defeating the creditors of the original holder, it must appear that the assignee participated in the fraud, in order that the assignment may be set aside.

WRIT OF ERROR to the Circuit Court of Monroe county ; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Messrs. W. H. & J. B. UNDERWOOD, for the plaintiff in error.

Mr. H. K. S. O'MELVENY, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Matthias T. Horine, as assignee of Josiah Clark, sued George J. Klein, the maker of the note, and recovered a judgment for $868.00. He, at the same term of court, filed a bill and obtained an injunction to restrain George J. from collecting a note he held on John Kraft for $964.00, and to prevent him from transferring the note, or Kraft from

paying it, upon the ground that it would probably be paid before it could be reached by legal process, and be applied to the payment of Horine's judgment.

He afterwards instituted garnishee proceedings against Kraft and Jacob P. Kline. Kraft answered that the note had been assigned by George J. to Jacob P., who had assigned it to Michael Kline, the father of George and Jacob. It does not appear what became of this proceeding.

Defendant in error subsequently filed a bill against all of the Klines and Kraft, but this bill was afterwards lost. On application to the court, he obtained leave to file a substituted bill. In it he recited these facts, and charges that the assignment from George to Jacob, was for the fraudulent purpose of hindering him in the collection of his debt; that at the May term, 1864, he garnisheed Michael Klein, and upon the hearing on his answer, a judgment was rendered against him for $945.00, but that it is unavailing, as Michael has no property out of which to satisfy the judgment. The substituted bill further alleges, that the former bill was filed for relief against "the acts and doings of defendants, on the ground of fraud, which bill is lost and cannot be produced at this term." It concludes with a prayer that he have a decree against each and all of the defendants to pay his judgment, with interest, and that the decree be a lien on their lands, and for general relief.

It will be observed that the substituted bill is meagre in its allegations, and seems rather to be a very general recital of the contents of the previous bill, which had been lost. It should have been, in every particular, as full and complete in all of its parts as the bill, the place of which it was intended to supply. It should, as far as possible, have contained the same statements and allegations as were embraced in the original. In this bill it is charged that George J. Klein fraudulently assigned the note to Jacob P. Klein. But there is no specific charge of fraud against the latter or Michael

Klein. There is a recital that the original bill asked a " decree from the acts and doings of defendants, on the ground of fraud, which bill is lost and cannot be produced at this term," &c. It will, therefore, be seen that there is no specific charge of fraud against the defendants, except George J. Klein. This statement, no doubt, implies that the lost bill stated facts showing fraud on the part of the defendants, but of what character does not appear.

Again, it does not appear that Jacob P. Klein participated in the fraud, in receiving the assignment of the note. If he, in good faith, paid a valuable consideration for the note, he could not be affected by the fraudulent intentions of George J. This is the well recognized rule of law, and the bill should have charged fraud upon the assignee. When a bill is taken as confessed, it amounts to an admission of the truth of the allegations it contains, but of nothing outside or beyond their scope. In the charge of fraud on the defendants, this bill is defective, in not stating the facts constituting fraud, or even that Michael and Jacob P. Klein were guilty of fraud. A decree can only be based on proper and sufficient allegations contained in the bill, and as these are wanting in this case, the decree must be reversed and the cause remanded, but leave is given to defendant in error to file an amended bill, containing such averments as he may be advised the nature of his case may require, and to which plaintiffs in error will have leave to answer.

*Decree reversed.*