# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—MARCH TERM, 1883.

### T. S. ALBRIGHT ET AL.

### v.

### JOSEPH HERZOG ET AL.

1. CREDITOR'S BILL, REQUIREMENTS OF.—The bill in this case can not be regarded as a creditor's bill as it does not set forth the time when the execution was issued, when it was returnable, or the actual retur i of the sheriff thereon in such a manner as to show to the court that plaintiffs' remedy at law, had been exhausted.

2. STIPULATION OF RECORD.—Where by an agreement of record in a suit at law, the only contingency requisite to giving the plaintiffs an interest in, and right to receive a portion of money deposited with the clerk of the court was such a final determination of the suit in favor of the plaintiffs as that a sum of money was adjudged to be due and was awarded by the court to them and that contingency happened. *Held*, that plaintiffs were entitled to such sum of money; and the bill in equity against defendants and clerk to compel the clerk to pay over such sum, should not have been d smissed by the court.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding. Opinion filed March 27, 1883.

The appellants Albright and Keenan having brought an action of assumpsit in the superior court against the appel-

lees, Herzog and Witkowsky, sued out an attachment in aid, by virtue of which the sheriff seized a stock of cloaks, the property of the defendants. Thereupon an agreement of record in said cause was entered into between the parties as follows:

In the Superior Court of Cook County, Illinois, Tilghman S. Albright and Joseph Keenan v. Joseph Herzog and David Witkowsky, assumpsit and attachment in aid.

It appearing that the cloaks that have been taken and are held by the sheriff of said county, on the writ of attachment herein, can now be sold for cash, it is hereby stipulated and agreed by and between the said parties, that the same may be sold, and the proceeds thereof, or sufficient thereof to cover the plaintiffs' claim and costs of suit, shall be deposited with the clerk of said court, and the receipt of said clerk shall be a full discharge of said sheriff, and the money shall take the place of the goods attached, and the right of the parties to said money shall be the same as they would be to said attached goods if this stipulation had not been made, and if said suit shall be finally decided and determined in favor of said plaintiffs, said clerk shall pay out of said money such sum as shall be awarded by the court to the plaintiffs; or if the same shall be finally decided, and determined in favor of the defendants, said clerk shall pay over said money to said defendants, their assigns, or legal representatives, and shall also pay any balance that shall remain after paying the amount awarded to said plaintiffs, if such award shall be made to them; to the defendants in like manner.

It is understood that such sale shall be a private sale, to be made by said defendants to such persons and at such prices as they may see fit, provided that at least five hundred and fifty dollars in cash be realized therefrom, and deposited with the clerk by said sheriff, as above provided.

Such sale to be made by the sheriff under the direction of the defendants, and nothing herein contained shall be construed as depriving either party of any right they may have in the premises."

At the January term, 1881, the cause being tried by jury,

the issue upon the affidavit for the attachment was found for the defendants, while that upon the merits was in favor of the plaintiffs, the jury assessing their damages at $490.88, for which the court gave judgment, but dissolved the attachment. Afterward, and on the 29th day of January, 1881, the plaintiffs sued out a *fieri facias*, and delivered it to the sheriff, who, on the same day returned it *nulla bona*. They then demanded so much of said money as would satisfy said judgment for damages, of said clerk, mentioned in said stipulation, but who refused to pay the same over. They thereupon filed this bill setting up the foregoing facts, making the defendants to said judgment and said clerk, parties defendant, praying that said clerk be required to appropriate said funds to plaintiffs' benefit pursuant to said stipulation, and for such other and further relief in the premises as might be just and equitable.

The defendants to said judgment answered, and upon hearing on bill, answer, replication and proofs of complainants, (the defendants offering no evidence), the court below dismissed the bill for want of equity, and plaintiffs bring the case to this court on appeal.

Mr. FRANK BAKER, for appellants.

Messrs. MOSES & NEWMAN, for appellees; that the omission in the bill to state why clerk refused to pay, must be construed against the pleader, cited Victor Scale Co. v. Shurtleff, 81 Ill. 313; Tone v. Wilson, 81 Ill. 529; Mercantile In s. Co. v. James, 87 Ill. 199.

The fact that each party gave construction to the stipulation by their acts, has a controlling influence: Garrison v. Nute, 87 Ill. 215; Smith v. Riddell, 87 Ill. 165; Walker v. Douglas, 70 Ill. 445.

A court of equity, in order to ascertain the intention of parties to particular transaction, will look at their situation and the whole transaction between them: Frink v. Cole, 5 Gilm. 339.

McALLISTER, J.   Upon the argument we thought the de-

cree below was erroneous on the ground that the bill might be regarded as a creditor's bill, and thus create an equitable lien on the funds in the hands of the clerk as belonging to the judgment debtors, if not covered by the stipulation of record in the suit at law. But having since examined the bill, we find it wholly insufficient for that purpose; because it does not set forth the time when the execution was issued, when it was returnable, or the actual return of the sheriff thereon, in such manner as to show to the court that the plaintiffs' remedy at law had been exhausted. Cassidy v. Meacham, 3 Paige, 311.

It is true the bill alleges that the defendants had no property subject to execution. That, however, is not within the requirement of the statute, and besides, there was no sufficient proof of the fact.

But after repeated readings of the agreement of record in the suit at law, we are unable to come to any other conclusion than that, when the suit at law was finally decided in favor of the plaintiffs, and the court awarded them a specific sum of money, the plaintiffs thereupon became equitably entitled, by force of the express terms of that agreement, to so much of the money deposited with the clerk thereunder, as would be sufficient to cover the sum so awarded to the plaintiffs. Looking at such stipulation or agreement it will be perceived that it is headed with the title of the cause, and the words, "Assumpsit and Attachment in Aid." To the suit so described reference is made in the body of the instrument. Then it contains the following clear and unambiguous provision:

"And if said suit shall be finally decided and determined in favor of said plaintiffs, said clerk shall pay out of said money such sum as shall be awarded by the court to the plaintiffs; or if the same shall be finally decided and determined in favor of the defendants, said clerk shall pay over said money to said defendants, their assigns or legal representatives, and shall also pay any balance that shall remain after paying the amount awarded to said plaintiffs, if such award shall be made to them, to the defendants, in like manner."

It seems to us that by that provision of the agreement, the

only contingency requisite to giving the plaintiffs an interest in and right to receive a portion of said money so deposited, was such a final determination of the suit in favor of the plaintiffs, as that a sum of money was adjudged to be due, and was awarded by the court to them. That contingency happened, and they were entitled to the relief prayed. The decree of the court below dismissing their bill must therefore be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.