City of East St. Louis v. Millard.

---

# CITY OF EAST ST. LOUIS
## v.
# M. MILLARD.

1. CHANCERY JURISDICTION—MANDAMUS PROPER REMEDY.—A bill in chancery, filed by defendant in error against a municipal corporation to enforce the payment of a judgment, and praying that an account be taken of the resources of the city, and that plaintiff in error be enjoined from paying illegal claims, that its officers be enjoined from drawing warrants against the levy of taxes of 1883, etc. Held, that a court of chancery has no jurisdiction, as defendant in error has an ample and complete remedy at law by mandamus to enforce the payment of his judgment. The averments of fraud in the bill are too uncertain and indefinite to give a court of chancery jurisdiction, if such jurisdiction could be maintained on that ground in a case of this character.

2. PLEADING—CHARGES OF FRAUD.—Charges of fraud must be clear and specific. The material facts upon which the allegations of fraud are based must be set forth, as well in chancery as in law pleading. If the averments of fraud are indefinite, uncertain and not material, a court of chancery does not obtain jurisdiction. There can be no relief beyond the specific and material allegations in a bill.

3. CHANCERY PRACTICE—DECREE PRO CONFESSO—WRIT OF ERROR.—Where a decree rendered gave to the defendant in error all, if not more re-

lief than the averments in the bill justified, and was as to all intents and purposes a substantial adjudication of the rights of the parties, the objection that the decree made *pro confesso* was merely interlocutory and that there had been no such final disposition of the cause as would authorize the prosecution of a writ of error, was not well taken.

Error to the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed April 18, 1884.

Mr. GEORGE F. O'MELVENY and Mr. A. S. WILDERMAN, for plaintiff in error: that courts of equity refuse to interfere by injunction with the action of municipal corporations, so long as they are acting within the bounds of the powers conferred upon them by law and their action is not tainted with fraud, cited Fitzgerald v. Harms, 92 Ill. 372; Andrews v. Knox Co., 70 Ill. 65; Morris v. Smedley, 6 Johns. Ch. 28; Town of Petersburg v. Mappin, 14 Ill. 194.

Vague and general charges of fraud in a bill are not sufficient, but the facts constituting the fraud must be specifically alleged: Town of Lemont v. Singer, 98 Ill. 94; Smith v. Brittenham, 98 Ill. 188; Slack v. McLagan, 15 Ill. 242; Newell v. Bureau Co., 37 Ill. 253.

Unless the bill states sufficient facts to warrant the decree, it can not stand, and an injunction can not be decreed for causes not alleged in the bill: German P. & P. Co. v. Ill. St. Zeitung Co., 55 Ill. 127; Rowan v. Bowles, 21 Ill. 17; Page v. Greeley, 75 Ill. 400; Conlin v. Carter, 93 Ill. 536.

As to what is necessary to sustain a bill for an account: 3 Pomeroy's Eq. Jur. § 1421; 1 Story's Eq. Jur. §§ 458 a, 459; Craig v. McKinney, 72 Ill. 305; Clinton Co. v. Schuster, 82 Ill. 137.

Mr. L. H. HITE, for defendant in error; as to when equity will assume control over municipal corporations, cited Hare on Discovery, 83; Clinton Co. v. Schuster, 82 Ill. 137; Ramsy v. County, 92 Ill. 225; Talcott Stove Co. v. Wheeler, 6 Bradwell, 225.

As there has been no final disposition of this case, a writ of error does not lie: Hunter v. Hunter, 100 Ill. 519; R. & M.

R. R. Co. v. F. L. & T. Co., 70 Ill. 249; Gayer v. Eich, 56 Ill. 298; Fleece v. Russel, 13 Ill. 31.

CASEY, J. This was a bill in chancery filed by the defendant in error against plaintiff in error in the City Court of East St. Louis. The material averments in the bill are, that the complainant, on the 31st of August, 1881, recovered a judgment against the defendant for the sum of $3,000 and costs; that the judgment remains unsatisfied and that no part thereof has been paid; that the revenues of the defendant have been more than sufficient to meet its current expenses and pay this judgment; that John M. Sullivan, treasurer of defendant, has in his possession $7,000, which may at once be applied to the payment of said judgment; that D. J. Canty, city clerk, has a large amount of money belonging to the defendant, which can also be applied to the payment of the said judgment; that since the recovery of the judgment the revenues of the city have been wasted in paying illegal claims; that a large amount of illegal claims are pending before the city counsel of defendant which will be allowed and paid unless prevented by injunction; that there have been gross irregularities in collecting and disbursing the revenues, whereby the city has suffered great loss; that since 1877 the city has been indebted in excess of the legal limit. Prayer of the bill: That the defendant be enjoined from paying illegal claims; that the officers of defendant be enjoined from drawing warrants against the levy of taxes of 1883 for current expenses prior to the extension of such tax levy on the collector's books; that defendant be enjoined from drawing warrants upon the treasurer unless the money is in his hands to pay such warrants; that the defendant be enjoined from drawing any warrants for the payment of any claim not allowed and ordered to be paid by the city council; that defendant be enjoined from expending any more than is necessary for the economical maintenance of the city government; that an account be taken of the resources of the defendant for the purpose of ascertaining whether there are any funds which may be applied in paying complainant's judgment;

that so soon as any money may be found available for the payment of said judgment, or not needed for necessary current expenses, that the same may be paid to complainant on said judgment.

On this bill a default was entered on January 25, 1884, and the court found the facts in the language of the allegations therein contained and as above herein set forth, and decreed that said D. J. Cauty, as such city clerk, pay over to the complainant on demand a sufficient sum out of the moneys in his hands to satisfy said judgment, or so much as he may have, and that in case he may not have sufficient funds for that purpose, that said John M. Sullivan, as such city treasurer, pay the complainant, on demand, the amount required to satisfy said judgment in full, whether paid by said Cauty or not; and further decreed that said city and its officers and agents be enjoined from drawing warrants to, or paying any illegal claims against said city; that said officers and agents be enjoined from drawing warrants against the tax levy of 1883 for current expenses accruing prior to the extension of such tax levy on the collector's books; that said officers and agents be enjoined from drawing warrants on the treasurer, unless the money is actually in his hands to pay the same, and the indebtedness for which such warrants may be issued shall have been incurred while such money was in the treasury; that said officers and agents be enjoined from paying or drawing a warrant to pay any claim not allowed and ordered paid by the city council, except as required by this order; and that the cause be referred to E. C. Rhodes, as special master, to inquire into and state to the court whether there is any money in the hands of said Cauty, city clerk, and the said Sullivan, city treasurer, which may be applied in paying complainant's judgment, etc.

The case is brought to this court by a writ of error. The plaintiff in error insists that the defendant has an ample and complete remedy at law by mandamus to enforce the payment of his judgment. If this position is well taken, it is fundamental and disposes of the cause.

The statute of 1874 placed the proceeding by mandamus

on the same footing, or on equality with other actions at law, and it is the proper action to institute when the writ will afford a sufficient remedy. Prior to the adoption of the statute referred to, the Supreme Court of this State had uniformly held that a petition for a mandamus could not be sustained, where the petitioner had another specific legal remedy. The ninth section of chapter 87, act of 1874 (Underwood's Statutes) was intended to meet and obviate these decisions and increases the cases in which mandamus may be sustained.

Mandamus will lie to compel the officers of a municipal corporation to levy a tax to pay a judgment against the corporation. People, etc., v. City of Cairo, 50 Ill. 154; The People, etc., v. Clark Co., 50 Ill. 213.

An execution can not be issued and levied upon the property of the inhabitants of a municipal corporation; therefore a mandamus is ordinarily the only adequate remedy. City of Olney v. Harper et al., 50 Ill. 453.

These cases in 50 Ill. were reported prior to the enactment of 1874, above referred to. In the case of Walkly v. City of Muscatine, reported in 6 Wall. (U. S.) 481, a bill in chancery had been filed to compel the authorities of the city of Muscatine to levy a tax upon the property of the inhabitants, to pay a certain judgment obtained by the complainant against the defendant. The bill showed that the judgment was for $7,000, that execution had been issued, and returned unsatisfied. It seems that under the statute of Iowa an execution may issue against a municipal corporation; that a demand for payment had been made and refused. The court in substance say: The complainant has mistaken his remedy; that the complainant had a full and ample remedy at law, that is, by mandamus, to enforce the collection of his judgment. We have not been able to find any case, authorizing the substitution of a bill in chancery and the injunction for the writ of mandamus under any circumstances. It may be that such a case might arise, but we have been unable to find one. An injunction most usually is a preventive and not an affirmative remedy. It is said that no court having proper jurisdiction and process to compel the satisfaction of its own judgments,

can be justified in turning its suitors over to another tribunal for justice. It is no objection, whatever, to the use of this remedy, that the party might possibly obtain another remedy by commencing a new and different litigation in another tribunal. Board of Commissioners of Knox Co. v. Aspinwall et al., 24 Howard, 376. There is no other writ which can afford the party a remedy that the court is bound to afford, if within its constitutional powers, except that afforded by this writ of mandamus. Supervisors v. United States, 4 Wall. (U. S.) 435; Van Hoffman v. City of Quincy, 4 Wall. (U. S.) 535; Coy v. City of Lyons, 17 Iowa 1; State v. Keokuk, 9 Iowa, 438; State, ex rel., etc., v. City of Milwaukee, 20 Wis. 87. Very many other authorities sustaining this position might be referred to, if it was thought to be necessary. There can be no doubt but that in this State mandamus is ordinarily, if not always, the proper remedy to enforce the collection of a judgment against a municipal corporation. The defendant in error insists, however, that the effect of these authorities is avoided by the averments of fraud in the bill. He has not referred us to any authorities sustaining that position, and if it can be sustained at all it is because fraud is one of the reasons for the intervention of a court of equity.

The bill alleges that illegal claims have been paid by the plaintiff in error, and that a large amount of illegal claims are pending and undisposed of before the city council, and that they will be allowed and paid. These are general averments of fraud and are too uncertain and indefinite to give a court of chancery jurisdiction. Charges of fraud must be clear and specific. The facts upon which they are predicated and which constitute the fraud must be averred and proved.

The material facts upon which the allegations are based must be set forth in the pleading, and this applies as well to chancery as to common law pleading: Slack v. McLagan, 15 Ill. 242; Smith v. Brittenham, 98 Ill. 188; Newell et al. v. Bureau Co., 37 Ill. 253; Klein v. Horine, 47 Ill. 430; Jones v. Albee, 70 Ill. 34; Cole v. Opera House, 79 Ill. 96.

Some specific reason must be shown to invest a court of

equity with jurisdiction to manage and conduct the affairs of the plaintiff in error, or " to supervise and control the action of its officers so long as they confine themselves to the powers conferred by the statute."

It may be that affairs of plaintiff in error were badly, if not recklessly, managed; that its revenues were squandered, wasted and misappropriated by its officers; but that is not shown by the general allegations of fraud, or that illegal claims have been or will be paid. What illegal claims? In whose name have they been or will they be allowed? Who has or will present illegal claims? What is the nature or purport of the illegal claims that have been allowed and paid, or will be presented, allowed and paid? What amount specifically and in the aggregate of illegal claims have been paid? And what is the specific and aggregate amount of the illegal claims pending, etc.? What officer or officers of the plaintiff in error have been or will be unfaithful and betray the trust and confidence reposed in them by the people? These inquiries are pertinent and an answer to them would show the basis of the averments of fraud. So far as illegal claims have already been allowed and paid, that is a fact accomplished, and a court of chancery could not relieve the defendant in error.

As respects the allegations of fraud in the future, the averments are so general and uncertain as to not present a traversable issue.

To hold such averments sufficient is to destroy the very object of pleading, which is, in general terms, both at law and in chancery, to arrive at a specific, certain and material issue between the parties. If the averments in the bill are indefinite, uncertain and not material, it necessarily follows that a court of equity does not obtain jurisdiction, and that there can be no relief beyond the specific and material allegations in the bill. Morgan v. Smith et al., 11 Ill. 194; Kellogg v. Moore, 97 Ill. 282; Helm v. Cantrell, 59 Ill. 524

It is insisted by the defendant in error, that the decree made *pro confesso* is merely interlocutory, and that there has been no such final disposition of the cause in the court below

as authorizes the prosecution of a writ of error. We think that this position is not well taken. The decree rendered gives to the defendant in error, all, if not much more relief than the averments in the bill justify, and is to all intents and purposes a substantial adjudication of the rights of the parties, and therefore final. It is true that the findings of the decree are quite inconsistent. In the first place it finds the sum of $7,000 in the hands of Sullivan, the treasurer, and a large amount of money in the hands of Canty, the city clerk, which may be, and the decree directs that it should be, paid on the judgment of defendant in error. And in the concluding part of the decree the cause is referred to a specific master to ascertain and report to the court whether there is any money in the hands of the city clerk or treasurer, that may be applied to the payment of the said judgment. The decree so far as it affects the rights of the plaintiff in error is final, and if valid the treasurer might, as therein directed, pay the amount of said judgment to the defendant, and the provisions of the decree would be a protection to him; and if the treasurer failed or refused to pay said judgment on demand, he would be in contempt of the court, and might be proceeded against accordingly. In that proceeding there could be no inquiry as to the correctness of the decree.

The reference to the master may be considered as wholly superfluous and unnecessary. For the reasons given the judgment of the City Court of East St. Louis is reversed and the cause remanded.

Reversed and remanded.