THE PEOPLE, EX REL.,
v.
IRA W. DAVIS ET AL.

*Highways—Refusal of Commissioners to Act upon Petition—Mandamus
—Evidence—Practice.*

1. Highway commissioners may properly refuse to entertain a petition duly filed touching the location of a road, the real object thereof being to locate a disputed boundary line between land owners.

2. A mandamus will not be awarded unless the petition therefor shows a clear right to have that done which is the basis of the request.

3. Replying to an answer operates to waive the right to claim that the matters therein contained are immaterial; to raise that point, a plaintiff should stand by his demurrer thereto, and not take issue.

[Opinion filed May 21, 1891.]

IN ERROR to the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. GRIER & STEWART and C. A. MCLOUGHLIN, for plaintiffs in error.

Messrs. KIRKPATRICK & ALEXANDER, for defendants in error.

C. B. SMITH, P. J.    This was a petition for a peremptory writ of mandamus to compel defendants in error, who were highway commissioners, to receive and act upon a certain petition asking them to lay out a road on what was called in the petition "the Gordon line."

The commissioners refused to act upon the petition.

The cause was heard by the court below, and upon the hearing the writ was refused. The relators bring the record here on writ of error. The petition alleged that in 1859 a certain road was surveyed across the township by one Gordon, the county surveyor, and that it was afterward laid out and opened across the township, with the exception of one-half

The People v. Davis.

mile, at the west end, and that it was laid out on this line surveyed by Gordon, except as to the half mile, and that as to that half mile it was found that a Mr. Wood, who owned the land, had, at the time of this survey, a fence inclosing in his field this half mile of the road, and that he obtained leave of the commissioners to make a jog in the road four rods to the northward and thence west along his fence to the west side of the township until such time as he, Wood, could move his fence, and allow the road to pass on straight to the west line of the township on the "Gordon line." The petition then alleges that Wood never moved his fence nor straightened the road, but that it has run in the same place since 1859, with the jog of four rods to the north, up to this time. The pretended purpose of this petition was to straighten the road and run it through to the west line of the township upon the "Gordon" line as called for in the petition.

We are satisfied from a careful examination of this record that the defendants were justified in refusing to entertain this petition.

It is apparent from the evidence that what is called the "Gordon line" is a disputed line, and that the real purpose of these petitioners is to get the highway commissioners to engage in a lawsuit and settle the location of disputed boundary lines between land owners, under the guise and pretense of locating a road.

These commissioners insist that the road is already on the "Gordon line," and that it was an open, palpable fact known to them, and that the road had been there and traveled by the public, and so known to everybody in the township, for thirty years, and they insist that it was not their duty to entertain a petition to locate a public highway on the "Gordon line" when they all knew, as a matter of fact, that the road was already on the "Gordon line."

Had the petition presented anything for them to determine which was not self-evident to them, and where they could see that the real purpose was to locate a road, then it would have been their duty to have received and acted upon the

petition. But whatever view we might entertain as to the duty of the commissioners when this was first presented we are now satisfied from the evidence heard before the Circuit Court that they were justified in not acting on the petition. It is uncertain where this " Gordon line " is, and we are now of opinion that the commissioners have such actual and personal knowledge of the place where Gordon ran his line, and that the road was there on the line, that they were justified in refusing to entertain the petition.

The plaintiffs in error, by replying to the answer, have waived the right to now claim that the matters there alleged were immaterial. To have presented that point they should have stood by the demurrer, instead of taking issue. The evidence also satisfies us that the real purpose of this petition was to locate a disputed boundary line between land owners.

Where commissioners are satisfied that that is the real object of the petition we think they are justified in refusing. to entertain it. Unless the duty is clear the court will not award a mandamus to compel it. The petition must show a clear right to have the thing done they ask, and, failing in that, they must fail. We think they have not brought themselves within that rule in this case, and the judgment will be affirmed.                    *Judgment affirmed.*