Crawford v. Cook.

---

Adelaide F. Crawford, Sarah A. Crawford, Sophronia A. Kellogg, Hiram P. Crawford and Gilbert Crawford, an Insane Person, by John Crawford, his Guardian ad Litem, v. Cyrus B. Cook.

1. CHANCERY PRACTICE—*Waiver of Demurrer.* —The defendants in a chancery proceeding demurred to the bill, but no action was taken on the demurrer, and afterward notice was served upon them to answer within thirty days, which they failed to do. A default was taken and a decree *pro confesso* taken against them; their failure to answer the bill was regarded as a waiver of the demurrer.

2. DECREES—*Pro Confesso, How far Binding.*—A decree *pro confesso*

only concludes a party to the averments in the bill and does not amount to a confession of any act not alleged in it.

3. CREDITOR'S BILL—*Lies Only Where Legal Remedies are Exhausted.*—In order to sustain a creditor's bill under Section 49, Chapter 22, R. S., entitled "Chancery" it must appear that the judgment creditor has exhausted all his legal remedies; so where the allegations were that the judgment was entered June 1, 1877, that execution was issued and returned unsatisfied, but no date given as to when it was issued or when it was returned, that the judgment was revived by *scire facias,* March 9, 1888, it was held that it did not sufficiently appear that the complainant had exhausted his legal remedies by having an execution issued on the original judgment within seven years from its rendition or having had any execution issued upon the judgment after revival.

**Memorandum.**—Creditor's bill. In the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Decree *pro confesso;* error by defendant. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed October 15, 1894.

BRIEF FOR PLAINTIFFS IN ERROR, IRA W. & C. C. BUELL AND HARBERT & DALEY, ATTORNEYS.

The bill was defective in not alleging an issuance and return of execution on the judgment after its revival, and for that reason the demurrer should have been sustained. Weis v. Tierman, 91 Ill. 27; Newman v. Willetts, 52 Ill. 98.

The complainant's *laches* has been so great as to bar any relief under their bill. Johnston v. Dunn, 29 Atl. Rep. 361; Winslow v. Leland, 128 Ill. 348; Clapp v. Peterson, 104 Ill. 34; Helman v. Davis, 24 Neb. 793; 12 Am. & Eng. Enc. of Law, 598; Northern Ill., etc., Co. v. Young, 11 Biss. (U. S.) 331.

No attempt is made to excuse *laches,* although said order and decree had been in full force and unquestioned for about six years. The time within which the decree could have been reviewed on error had long since elapsed. It was incumbent upon all parties bound by the decree, if they desired to attack it on the ground of fraud to do so in apt time, and a delay of six years, unexplained, must manifestly he held to be sufficient to bar relief. Clapp v. Peterson, 104 Ill. 34; Johnston v. Dunn, 29 Atl. Rep. 361; Connelly v. Rue, 148 Ill. 348; Helman v. Davis, 24 Neb. 793; Northern

Crawford v. Cook.

Ill., etc., Co. v. Young, 11 Biss. (U. S.) 331; 12 Am. & Eng. Enc. of Law, 598.

HENRY C. NOYES, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT:

On the 9th day of March, 1888, a bill in chancery was filed in the Superior Court, which alleged that on the 1st day of June, 1877, John A. Baldwin recovered in that court a judgment against John Crawford. " That execution upon said judgment against the property of said defendant was thereafter duly issued and delivered to the sheriff of said county where said defendant at the time resided, and the same was thereafter by said sheriff returned wholly unsatisfied, he certifying thereon that he could find no property whereon to levy to make any part of the amount thereof. * * * That said judgment was revived by *scire facias* in said court March 9, 1888." That Adelaide was the wife of John. That about May 9, 1881, certain real property described in the bill, was conveyed to Adelaide and " that said real estate so conveyed to said Adelaide E. Crawford is in reality now the property of the said John Crawford, and said Adelaide fraudulently holds the title in trust for said John Crawford for the sole purpose of defrauding his creditors."

April 10, 1888, leave was given to " the complainant to amend his bill by substituting the name of Cyrus F. Cook as complainant, the defendant to answer said amended bill within twenty days," and on that day the amendment was filed.

May 1, 1888, Adelaide, who seems to be the only one of the plaintiffs in error substantially interested in this case, with other defendants, demurred to the bill as amended.

No action was ever taken upon that demurrer, and June 5, 1893, on notice to the solicitor of the then defendants, a rule was entered that they should answer the amended bill within thirty days.

October 26, 1893, no answer having been filed, the bill

was taken as confessed, and after a reference to and report by, a master, a final decree was entered directing a sale of the property before mentioned. From that decree this writ of error is prosecuted.

One of the plaintiffs in error is Gilbert Crawford, insane, and for whom a guardian *ad litem* was appointed, but no further notice of him appears in the record, nor does it appear that he could have any interest in the controversy.

We shall not consider whether the fact that he was made a defendant, rendered it necessary that all the proceedings as to him should be regular, as in case of infant defendants.

The other defendants having notice that a rule to answer would be applied for, should have attended, and their failure to do so we regard as a waiver of the demurrer.

The principle of Hall v. Ness, 27 Ill. 411, applies. But the question as to the sufficiency of the bill to sustain a decree remains, for " a decree *pro confesso* only concludes a party as to the averments in the bill, and does not amount to a confession of any act not alleged in it." De Leuw v. Neely, 71 Ill. 473. " A decree can only be based on proper and sufficient allegations contained in the bill." Klein v. Horine, 47 Ill. 430.

While the unexplained *laches* of the complainant from May 9, 1881, when the property was conveyed to Adelaide, until March 9, 1888, when the bill was filed, may not be taken advantage of by demurrer, nor for the first time objected to on error, but must be made a defense by answer; yet to sustain a judgment creditor's bill under Sec. 49, Ch. 22, Chancery, or the common law of which that section is declaratory, it must appear that the judgment creditor has exhausted all legal remedies. Durand v. Gray, 129 Ill. 9.

The quotations made in the early part of this opinion show all that is alleged in the bill as to execution upon the judgment.

Whether an execution was issued within seven years after the rendition of the judgment is wholly conjectural. Sec. 1, Ch. 77, Judgments; Albright v. Herzog, 12 Ill. App. 557.

And it is quite certain that no execution was issued after the judgment was revived on *scire facias*, for the bill was filed the same day. That revival should have been followed by an execution. *Non constat* that it would not have produced satisfaction.

The principle of Winslow v. Leland, 128 Ill. 304, is applicable.

The history of the title, deraigned from the father of her husband to Adelaide, is irrelevant to the inquiry whether she holds the title in trust for her husband.

The decree is reversed and the cause remanded with directions to dismiss the bill at the cost of the defendant in error.