## Lewis K. Curlett v. Ida A. Curlett.

1. DIVORCE—*Compulsory Separation Caused by Husband's Persistent Indolence is Ground for.*—While it is true that the statute does not make non-support, as that expression is usually defined, a ground for divorce, yet if a husband allows an officer of the law to put his wife onto the street and provides her no home, when he has the ability to do so, and persists in such failure for two or more years, he has willfully deserted her without any reasonable cause for the space of two years, and she is entitled to a divorce for desertion.

2. SAME—*Desertion Charged Must be Such as the Statute Makes a Ground for Divorce.*—When desertion is charged as the ground for divorce, it must be such as the statute makes a ground for divorce.

3. EQUITY PRACTICE—*Decrees Pro Confesso.*—A decree *pro confesso* concludes the defendant only as to matters alleged in the bill.

4. SAME—*The Allegations of the Bill, the Proof and the Decree, Must Correspond.*—It is a fundamental rule of equity pleading that the allegations of the bill, the proof and the decree, must correspond.

Divorce.—Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed February 13, 1903.

CLARK & CLARK, attorneys for plaintiff in error.

CHARLES S. McNETT, attorney for defendant in error.

MR. JUSTICE BURKE delivered the opinion of the court.

The amended bill filed by the wife for a divorce from her husband states as ground for divorce that he "on the first day of August, 1897, willfully deserted and absented himself from complainant and continued to do so from that time hitherto." Decree having been entered for the complainant a writ of error is sued out of this court and a reversal of the decree is asked on two grounds:

First. That the allegation of the bill charging desertion is not sufficient to conform to the requirement of the statute, in that it does not contain the language of the statute, "without any reasonable cause for the space of two years," or language equivalent thereto.

Second. That the decree is not sustained by the evidence in the case. Because of the decision which will be made by this court both points relied upon will be considered and in the inverse order of statement. A rule was taken that the defendant answer the amended bill within three days. Upon his failure to plead, order of default was entered and the bill taken as confessed.

The uncontradicted evidence is that the defendant is an indolent and worthless fellow, that notwithstanding he could work, if so disposed, in the real estate business, and was also competent to work in the electrical business, nevertheless, rather than engage in these occupations he preferred to and did beg at the door of a neighbor until he became known in the neighborhood as lazy and worthless. Defendant failed to furnish the complainant with money or food, so that her friends, moved by pity, sent her groceries and provisions to sustain her life for a little time; but he persisted in his refusal to work until he and the complainant were put out of the rooms where they had lived, for non-payment of rent; and the complainant having nowhere to go and no credit and having exhausted the charities of her friends, was compelled to go to the

Curlett v. Curlett.

home of her mother. For more than two years prior to the filing of the bill in this case the defendant has utterly failed to provide a home of any character whatever for the complainant and has so constantly persisted in his life of indolence that he has prevented the complainant from living with him as his wife. The evidence clearly establishes the fact that he is abundantly able to furnish her food sufficient to sustain life and shelter to protect her from the inclemencies of the weather; but refuses and fails so to do and thereby has willfully deserted and absented himself from her without any reasonable cause for the space of two years prior to filing the bill in this case.

Counsel for plaintiff in error concedes the facts thus found and argues that they do not constitute one of the causes for divorce which are specified by the statute. We are of the opinion that the foregoing facts do constitute a ground for divorce under the statute. In James v. James, 58 N. H. 266, the wife was compelled to leave the husband on account of his habitual drunkenness and his neglect to provide for her. Although he had no property, when sober he could have earned wages and he had ability to provide. It was held that the wife was entitled to a divorce for desertion where the separation thus caused had continued for three years.

There is no distinction in principle between the desertion by the husband and the compulsory separation caused by his willful, persistent indolence. In the one case he abandons her to suffer and starve by his voluntary desertion of her, in the other he leaves her to the same fate by his voluntary neglect. It is true that the statute does not make non-support, as that expression is usually defined, a ground for divorce; but if a husband allows an officer of the law, as in the case at bar, to put his wife onto the street and provides her no home, when he has the ability so to do, and persists in such failure for two or more years, he has willfully deserted her without any reasonable cause for the space of two years, for it is certain that he will not remain with her on the street without food

where he has willfully and to the extent of his ability placed her. Under such circumstances the husband has as positively and effectually abandoned his wife without any reasonable cause as though he had gone to the remotest part of the earth; for he has voluntarily placed himself where they can no longer live together as husband and wife. It is a case, not where the wife elects because of ill-treatment or an insufficiency of the comforts of life, but it is a case where if the situation continues life can not be retained in the body. The case of Johnson v. Johnson, 125 Ill. 510, to which counsel refers, clearly sustains a doctrine contrary to his contention. Therein it is said:

"Incompatibility of disposition, occasional exhibitions of passion, trivial difficulties, or slight moral obliquities will not justify separation. If the husband voluntarily does that which compels the wife to leave him, or justifies her in so doing, the inference may be justly drawn that he intended to produce that result, on the familiar principle that sane men usually mean to produce those results which naturally and legitimately flow from their actions, and if he so intended, her leaving him would, in the case put, be desertion on his part and not by the wife."

There is no intimation in this record that the defendant was insane and it can not be doubted that he intended to desert her. Where the husband has sufficient ability to support his wife but neglects to provide for her, when she is without fault, she is justified in leaving him and is entitled to a divorce for desertion if such separation continues for a statutory period. 9 Am. & Eng. Enc. of Law (2d Ed.), 772. We are therefore of the opinion that under the circumstances of this case the defendant willfully deserted the complainant without any reasonable cause for the space of two years prior to the filing of the bill in this case.

Second. It is claimed, however, that one of the essential elements of ground relied upon for a divorce is not properly set forth in complainant's bill; that it is not stated therein that the desertion of the defendant was without any reasonable cause. It is argued that if all the allegations of the bill are admitted to be true, and especially if it be

admitted that the defendant did desert the complainant, still it does not follow that the desertion took place "without any reasonable cause."

When desertion is charged as the ground for divorce it must be such as the statute makes a ground for divorce. The words of the act are:

"When either party has willfully deserted or absented himself or herself from the husband or wife without any reasonable cause for the space of two years."

It is sufficient to allege the ground in the language of the statute, but the essential words or their equivalent, "without any reasonable cause," are not found in the bill in this case. Their absence constitutes a fatal defect. Freeland v. Freeland, 19 Mo. 354; White v. White, 45 N. H. 121.

A decree *pro confesso* concludes the defendant only as to matters alleged in the bill. Crawford v. Cook, 55 Ill. App. 351. It is a fundamental rule of equity pleading that the allegations of the bill, the proof and the decree, must correspond, and that the decree can not give the relief which facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply. Dorn v. Geuder, 171 Ill. 362.

Because the bill is insufficient to support the decree the decree is reversed and the cause remanded, with directions to grant defendant leave to amend her bill if she desires.