**Dominick F. Curley, Trustee, Defendant in Error, v. Ella R. Ford et al., Defendants in Error, and John Kause et al., Plaintiffs in Error.**

**Gen. No. 15,672.**

1. DECREES—*upon what must be predicated.* Relief cannot be granted against a defendant in the absence of allegations contained in the bill which show that such defendant had interest in the subject-matter of the controversy or was under an obligation with respect thereto.

2. TRUST DEEDS—*effect of payment of debt.* If the debt secured by a trust deed is paid in full it discharges the lien of such trust deed whether the party paying the same so intended or not and an agreement between the parties to the transaction to the effect that the lien of the trust deed should subsist will not be enforced as against a stranger to the transaction.

Foreclosure. Error to the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 14, 1912.

**Statement by the Court.** On February 3, 1908, Ella R. Ford and Charles C. Ford, her husband, being indebted to Dominick F. Curley in the sum of $800, made and delivered to him their promissory note of that date payable to the order of themselves, due on or before one year after date; to secure said note Ella Ford and her husband executed and delivered their deed of

trust conveying to Curley as trustee lots 23, 24, 25, 26 and 27, in Bissell's subdivision, etc., in Cook county, Illinois; October 17, 1908, a bill was filed to foreclose this trust deed as to lots 25 and 26, and after reference to a master and a hearing, a decree was entered which is now before this court for review.

At the time said note and trust deed were executed and delivered, Ella Ford held title to the aforesaid lots for the benefit of herself and one John Kause, who, with Anna F. Kause, his wife, are the plaintiffs in error in this court.

Pursuant to a partition decree entered in the Circuit Court on October 14, 1908, Ella Ford became the owner of lots 23, 24 and 27, and John Kause the owner of lots 25 and 26, all subject to the lien of the aforesaid trust deed. Subsequently Ella Ford paid Curley $620 and interest on the note, and received a release from the lien of the trust deed of the lots decreed to her in the partition proceedings; she also paid to Curley the balance due on said note with interest and received from him the note and trust deed. The allegation in the bill as to this transaction is: "that said Ella R. Ford, to protect her interest in said lots 25 and 26, purchased said note and trust deed from orator and is now the legal holder and owner of same." Thereafter, at her instance, this bill to foreclose was filed by Curley, trustee, as the complainant, the bill alleging that Ella R. Ford is the holder and owner of said note, and that there is due her the balance of the principal of said note with interest, and solicitor's fee for the foreclosure proceedings and certain amounts which were liens and assessments on said lots 25 and 26 by her paid while held in trust, as aforesaid. The bill further alleges that the John Kause aforesaid, Anna F. Kause, his wife, and Dominick F. Curley "have or claim to have some interest in said mortgaged premises," and makes Ella R. Ford, Charles C. Ford, John Kause, Anna F. Kause and Dominick F. Curley parties defendant; asks that an account may

be taken, and that said defendants, or some one of them, be decreed to pay whatever sum shall appear to be due, together with solicitor's fees and costs; that in default of such payment, the mortgaged premises may be sold to satisfy the amount due Ella R. Ford for principal, interest, solicitor's fees and other liens, while said lots were held in trust, and costs of this proceeding.

Summons was served on John Kause and wife and their appearance filed. Upon their failure to plead within the time fixed by order of court, they were defaulted and the cause ordered referred to a master in chancery. A few days thereafter another solicitor for Kause was substituted, who sought to have the order of default set aside and for leave to file an answer instanter, which motion was denied.

The master found that Ella R. Ford, "to protect her interests in said lots 25 and 26, purchased said note and trust deed from Dominick F. Curley, and is now the legal holder and owner of same;" also that there was due from John Kause to Ella R. Ford the balance due on the principal note, with interest; also certain sums, with interest thereon, found to have been paid by Ella R. Ford on account of "prior liens on lots 25 and 26;" also certain sums paid for taxes and special assessments on said lots, and also the further sum of $100 solicitor's fees. On March 16, 1909, a decree was entered sustaining the findings of the master and finding John Kause personally liable for the amounts above described, and in default of his paying same said premises were ordered sold.

JOHN W. BURDETTE, for plaintiffs in error.

E. A. ABORN, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This decree must be reversed for the following rea-

sons: There are no allegations in the bill which can support any decree against John Kause; there are no allegations that he had any beneficial interest in the fund procured by the loan from Curley, or that he ever authorized any advances to be made for him, or assumed or promised to pay any of the indebtedness secured by the deed of trust. There are neither any allegations that Kause assumed any obligation, nor that anything was done which could impose any obligation upon him.

"It is a fundamental rule of equity pleading that the allegations of a bill, the proof and the decree must correspond, and that the decree cannot give relief that facts disclosed by the evidence would warrant, where there are no averments in the bill to which the evidence can apply." Dorn v. Gueder, 171 Ill. 362 (369), and cases there cited.

The rule is the same in a decree *pro confesso*. "A decree *pro confesso* concludes the defendant only as to matters alleged in the bill." Curlett v. Curlett, 106 Ill. App. 81; Armstrong v. Building Ass'n, 176 Ill. 298.

It should also be noted that Kause claims in argument that the premises were encumbered originally by his trustee, Ella R. Ford, without his authority or knowledge and in violation of the trust, to secure her individual debt and the debt of a stranger. A search of the entire evidence discloses nothing which tends to negative these claims.

It is not necessary to dispose of this cause for us to pass upon other assignments of error, however valid such assignments of error may be. One point is sufficient to dispose of the entire matter. It appears from the bill and the evidence that Ella R. Ford, one of the makers of the note, paid the same in full, thus extinguishing the debt—certainly so far as Kause was concerned,—and the lien of the trust deed upon the premises in question. "When the debt is extinguished

by one, it discharges all, whether the parties intended it or not.''   Gillett v. Sweat, 6 Ill. (1 Gil.) 475.

We have considered those cases which hold that the intention of the parties sometimes determines whether or not the debt is extinguished upon payment of the note evidencing indebtedness.   These are cases where there was some agreement or understanding between the maker, endorser or payee of a note as to the effect of payment, and it is there held that the intention of the parties controls.

In the case before us there is no evidence of any understanding of the parties other than that the note was paid by Ella R. Ford.   The allegations in the bill and the finding of the master that she did this ''to protect her interests in said lots 25 and 26'' disclose nothing which could alter the legal effect of such payment. ''Before the payment every presumption is in favor of the holder; after payment the natural presumption is otherwise.   *   *   *   The burden of proof must consequently be on the party who asserts an unusual transaction to introduce evidence sufficient to prove it.''   Hopkins v. Farwell, 32 N. H. 425.

Even if there were any evidence as to any understanding between Ella R. Ford, the maker of the note, and Curley, the holder thereof, such understanding could not affect Kause, a stranger to the transaction, and could not avoid the legal effect thereof as to him.

In Moore v. Hamilton, 48 Barbour (N. Y.) 120, where the mortgage debt was assigned to the debtor who assigned to another, the court said: ''The legal effect of an assignment of the debt to the debtor himself for a valuable consideration would be to extinguish the obligation.   If there is any equitable ground upon which the lien of a mortgage in such a case can be preserved for the benefit of the assignee of the mortgagor, it does not appear in this case.''

The rule so stated must control here.   No equitable grounds appear upon which the lien of said trust deed on the lots in question was preserved after the pay-

ment to Curley, the owner and holder of the note, by Ella Ford, the debtor, of the full amount of the note.

The order of this court therefore is that the decree is reversed and the cause remanded with instructions to dismiss the bill for want of equity.

*Reversed and remanded.*