# Elmer McClain Appellant, v. J. M. Myers et al., Appellees.

1. MANDAMUS, § 3*—*what is effect of existence of another remedy.* Since the passage of chapter 87, sec. 9 (J. & A. ¶ 7338), providing that mandamus shall not be dismissed nor the writ denied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy, it has been held that while the existence of another remedy will not bar relief by mandamus, yet the court to whom such a petition is presented may consider the existence of another remedy in determining whether to assume jurisdiction in a particular case.

2. WATERS AND WATERCOURSES, § 12*—*when petition for mandamus seeks performance of private duty in removal of obstructions from ditches.* A demurrer in mandamus against commissioners of highways to compel the removal of obstructions in certain parts of an open ditch constructed by private contract, existing in a district in which lands owned by the petitioner and numerous others and roads controlled by defendants were included, was properly sustained, as the duty sought to be enforced was a private duty as distinguished from a public or official duty, such as keeping highways in condition for public travel.

3. WATERS AND WATERCOURSES, § 12*—*what does not render removal of ditch obstructions public duty.* In mandamus to compel highway commissioners to remove obstructions in an open ditch, where such ditch was part of a drainage system created by mutual consent and therefore the duty sought to be enforced was a private duty, the fact that the petition charged that defendants placed the obstruction complained of in the ditch did not change the rights of the parties, as if the defendants were liable in damages for obstructing the ditch, or possibly to a prosecution for the recovery of a penalty, their liabilities in those respects were personal and private which did not arise from the exercise or neglect of public duty.

Appeal from the Circuit Court of Edgar county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

FRANK T. O'HAIR, for appellant.

FRANK VAN SELLAR, EDWARD C. CRAIG and DONALD B. CRAIG, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant filed in the Circuit Court of Edgar county his petition for mandamus by which he shows that a combined system of drainage by means of open ditches, as well as other drains, created by mutual consent and license, exists and has existed for more than 25 years, in which lands owned by the petitioner and roads controlled by respondents as well as lands owned by numerous other persons are included; that the ditches and drains were constructed by the highway commissioners of the township of Young America and Shiloh in said county, together with the other landowners in the district; that certain obstructions have been placed by the respondents in a certain part of the open ditch which exists along the highway in the townships mentioned, to the detriment of the lands of petitioner as well as that of the other landowners in the district. The prayer of the petition is for a writ of mandamus to compel the commissioners of highways of the two named townships to remove such obstructions. A demurrer to that petition was sustained, and the petitioner elected to abide by his petition. Thereupon the court entered judgment that the petitioner take nothing by his suit and that defendants go hence without day. The petitioner has appealed to this court.

Appellees contend that a writ of mandamus will not be awarded where an adequate means of enforcing the right sought exists either in equity or by an ordinary action at law, and cites *People v. Salomon,* 46 Ill. 415, at 419. That was formerly the law, but section 9 of chapter 87 (J. & A. ¶ 7338) provides that "the proceedings for a writ of mandamus shall not be dismissed nor the writ denied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy." Since the

passage of that act it has been held that while the existence of another remedy will not bar relief by mandamus *(Brokaw v. Highway Com'rs of Bloomington Tp.,* 130 Ill. 482; *People v. Village of Crotty,* 93 Ill. 180; *People v. Wells,* 255 Ill. 450; *Lower v. United States,* 91 U. S. 536; *City of East St. Louis v. Millard,* 14 Ill. App. 483), yet the court to whom a petition for mandamus is presented may consider the existence of another remedy in determining whether to assume jurisdiction in a particular case *(People v. Wells,* 255 Ill. 450), and that the allowance of the writ is discretionary. *Brokaw v. Highway Com'rs of Bloomington Tp.,* 130 Ill. 482.

The relation existing between the relator, the defendants and the other landowners in the district as shown by the petition is that of private owners of separate tracts of land in a drainage district existing by mutual consent. The duty that is sought to be enforced is a private duty. The defendants, as highway commissioners, are not shown by the petition to owe to the petitioner or the other landowners in the district a separate or distinct duty, independent of a like obligation on the part of the other landowners in the district, to maintain or keep clean the ditch where it crosses the premises over which they have control, any more than it is the separate duty of each landowner to maintain and keep clean the ditch where it crosses his lands. Their duty in that regard is a joint one with all the other landowners in the district to pay each his respective part of the expense of maintaining and keeping clean the whole system of ditches. It follows that the duty sought to be enforced in this proceeding is a private duty as distinguished from a public or official duty, such as the keeping of the highways in condition for travel by the public. The duty sought to be here enforced is a contractual one, in which only the limited number of persons are interested who own lands in the drainage district, while

a public or official duty arises by operation of law. *Baughman v. Heinselman,* 180 Ill. 255; *Young v. Highway Com'rs of Maguon Tp.,* 134 Ill. 569 on 581; *Barnard v. Highway Com'rs of Town of Nokomis,* 172 Ill. 393; *People v. Magruder,* 237 Ill. 345. The fact that the petition charges that defendants placed the obstruction complained of in the ditch does not change the rights of the parties in this proceeding. It may be these defendants are liable in an action for damages for obstructing the ditch, or possibly to a prosecution for the recovery of a penalty, but, if so, their liabilities in these respects are personal and private which do not arise from the exercise or neglect of public duty. *People v. Mattinger,* 212 Ill. 531; *Haines v. People,* 19 Ill. App. 354. Nor where the duty is a public one, if the real purpose of the litigation is to determine private rights. *People v. Davis,* 39 Ill. App. 162. Neither will it lie to enforce contractual rights. *City of Chicago v. Chicago Tel. Co.,* 230 Ill. 157; *People v. Klokke,* 92 Ill. 134; *People v. Dulaney,* 96 Ill. 503. Mandamus lies to compel the performance of a public duty. *People v. Kipley,* 171 Ill. 44; *People v. Dunne,* 258 Ill. 441. The petition in this case fails to show a clear right to the writ sought and the demurrer to it was properly sustained. The decree of the Circuit Court is affirmed.

*Affirmed.*