J. J. NOBLES *vs.* THOMAS H. LANGLY.

1. When the proprietor of lands, who, for the purpose of draining the same, shall construct a ditch, drain or canal across a public road, it shall be the duty of the said proprietor to build a bridge over said ditch, canal, &c., and keep the same in repair. *Rev. Code*, chap. 101, sec. 24.

2. Such duty is not incumbent upon the overseer of a public road. Therefore, when a civil action was brought against such overseer to recover damages alleged to have been incurred in consequence of his negligently permitting a bridge over a canal to become unsafe and in bad condition; *Held*, that it was competent for him to show that the canal had been dug across the public road by the proprietor of the land adjacent thereto, and for the purpose of draining the same and that a bridge had been built over the canal, by the proprietor of the land, and had been kept up by him for several years.

This was a civil action tried before Moore, Judge, at Fall Term, 1871, of Pitt Superior Court.

The plaintiff complains that the defendant was overseer of a certain public road in Pitt county, and had negligently permitted said road to become unsafe and in bad condition, and allowed it to remain so for more than ten days, and that in travelling over said road, and in attempting to cross a bridge on a canal, in consequence of the rotten condition of the said bridge his horse took fright, and ran off and seriously injured plaintiff in his person, and likewise injured the horse and buggy of plaintiff.

Plaintiff proved that the defendant was appointed overseer of the said road in September, 1868. That he acted as such overseer and occasionally called out the hands to work on said road, up to the time of the injury complained of. The plaintiff testified that he was passing over this road in his buggy, on the 11th day of July, 1870, that when he approached the bridge, his horse refused to go over, that he got out of the buggy and attempted to lead him over, that there was a small open space on said bridge, that it was broken, and that the

horse in passing over, in consequence of the giving way of a plank, became frightened, ran off and seriously damaged himself and destroyed the buggy.

There was evidence by other witnesses, that the bridge was in an unsafe condition and had been so for several months previous to the accident. It was in evidence that the bridge was over a ditch or canal, down which the water from a pocosin passed, and that there had been heavy rains and bad weather previous to the injury complained of.

Defendant then offered to prove that the ditch or canal was cut many years ago, by the owner of the swamp to drain the same, and that for several years after the canal was cut, the proprietor of the swamp kept up the bridge, and that the overseer of the road had only occasionally made the hands repair the same.

This evidence was rejected by the Court.

The Court charged the jury that if they believed the evidence the defendant was guilty of negligence. That it was his duty to keep the road in good repair, so as to make it safe and convenient for persons to pass, and that if plaintiff sustained damage in consequence of the bad condition of the road, he was entitled to recover, but that if the injury to the plaintiff was caused, not by the bad condition of the road, but by his own improper conduct, then he could not recover. That if the jury should find for the plaintiff, he was entitled to the amount of his actual damages. There was a verdict for the plaintiff.

Rule for new trial. Rule discharged and defendant appealed to the Supreme Court.

*Phillips & Merrimon* for plaintiff.
*Battle & Sons* for defendant.

Boyden, J. This was a civil action for damages, against an overseer of a public road, in which there was a bridge over a ditch or canal. The damage alleged was to the person of the

plaintiff and to his buggy and to a horse. The main allega-
tion was, that the bridge over the canal was out of repair, and
had been permitted to be out of repair for more than ten days
before the injuries complained of, had happened, and that these
injuries for which this action had been brought, had been
caused mainly by the bridge over the canal on the road being
out of repair.

The testimony tended to establish the fact, that the bridge
was in bad order and in need of reparation, and had been so
for more than ten days, before the injuries to the plaintiff hap-
pened.

·The defendant denied that it was his duty as overseer to
build said bridge, or to keep the same in repair; and alleged that
the owner of the swamp above where the canal had been cut
across the road, had cut the canal for the purpose of draining
his swamp lands above; and that he had built the bridge and
kept it in repair for some years. It was the duty of the owner
of this land, and not the duty of the overseer, to keep said
bridge in repair; and defendant offered one E. P. Daniel who
testified that he had known the road and bridge well—had
worked as a hand for several years. Defendant then offered
to prove by the witness that the ditch or canal over which the
bridge was built was cut many years ago by the owner of the
swamp above, in order to drain the same; and that for some
time after, the proprietor of the swamp had kept up this bridge
over said canal, and that only occasionally the overseer made
the hands repair the same.

This evidence was rejected by the Court and the defendant
excepted.

By the Act of 1847, *Rev. Code.* chap. 101, section 24, it is
enacted, that when the proprietor of lands digs a ditch or canal
across a public road, it shall be the duty of said owner or pro-
prietor to build a bridge over the canal thus dug and to keep
the same in repair.

It was also proved that the proprietor of the swamp above

the canal was still living and the owner of the swamp above. This can make no difference as this duty clearly would devolve upon the subsequent owner.

When this road was made a public road we are not informed: it might have been early in the settlement of the country.

We think the testimony offered, and rejected by His Honor, tended to prove that it was the duty of the owner of the swamp above and who cut this canal, not only to build this bridge, but likewise to keep said bridge in repair, and that the law had not devolved this duty upon the overseer.

There was, therefore, error in rejecting this evidence. Let this be certified.

Per Curiam.                                    *Venire de novo.*