ROBERT J. HAINES

v.

THE PEOPLE, ETC.

1. CONSTRUCTING RACE-WAY FOR PRIVATE USE—KEEPING BRIDGE IN REPAIR.—Where proprietors and owners of a mill-dam, by license or with the acquiescence of the public authorities, construct a race-way across the public highway for their own private use and for the purpose of availing themselves of water power, they assume the burden, not only of building a

bridge across the ditch they dig or otherwise restoring the highway so as not to interfere with the rights of the public, but also of keeping the bridge in repair and rebuilding when necessary. And this duty to repair is imposed upon their grantees.

2. MANDAMUS.—Mandamus is not an appropriate remedy to enforce the performance of a duty by one who does not occupy an official or quasi-official relation, or for the enforcement of contract rights of a private or personal nature or obligation; but in the above case, as the duty is to the public and of a quasi-official character, to keep in proper repair a portion of the public highway, mandamus will lie. It is immaterial that the duty is imposed by a rule of the common law and not by statute.

3. JUDGMENTS, ENTRY OF.—The entry of a judgment must either be perfect in itself or be capable of being made perfect by reference to other parts of the record in the case or to papers on file in the particular action.

APPEAL from the Circuit Court of Kane county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed February 20, 1886.

Mr. R. N. BOTSFORD, for appellant; that mandamus will not lie in this case, cited People v. Dulaney, 96 Ill. 503; Benson v. Paull, 6 E. & B. 273; Parrott v. City of Bridgeport, 44 Conn. 180; Allen v. Conlon, 2 Bradwell, 166; People v. C. & I. R. R. Co., 70 Ill. 232; Lavalle v. Soucy, 96 Ill. 467; High on Extraordinary Remedies, Ch. 1, § 25; State v. Bohannon, 39 Mo. 375.

Mr. T. E. RYAN, for appellee; that where a necessity for a bridge is created by the act of an individual or corporation in cutting a canal, ditch, railway or race-way through a highway, it is the duty of the author of the necessity or his grantees to make and keep in repair the bridge, cited Dygert v. Schenck, 23 Wendell, 446; Perley v. Chandler, 6 Mass. 454; Nobles v. Langley, 66 N. C. 287; People v. C. & A. R. R. Co., 67 Ill. 118; Commonwealth v. Deerfield, 6 Allen, 449; Stager on Roads and Bridges, 114.

Mandamus will lie: People v. Crotty, 93 Ill. 180; Lower v. U. S., 91 U. S. 536; East St. L. v. Millard, 14 Bradwell, 483.

BAKER, J. This is a petition for a mandamus against the appellant, Robert J. Haines, impleaded with Oliver H. Butler

and the S. L. Bignoll Hardware Company, to compel them to repair a certain bridge on Main street, in the city of St. Charles, on the west side of Fox river and within one hundred feet of the west end of the bridge across said river, over a race-way used for the purpose of carrying water across Main street. A demurrer interposed to the petition .was' overruled by the circuit court, and the defendants below electing to stand by the demurrer, a peremptory writ of mandamus was awarded. Thereupon appellant brought the case to this court.

The following facts among others appear from the petition. The city of St. Charles is organized under the General Incorporation Act. In 1835 a public highway was established that crossed Fox river on the line of the present Main street in said city ; and in 1836 the town was laid out and platted and a bridge built over Fox river, and the original highway adopted as Main street, and the street since that time has been and still is used as a public street or highway. A dam was then constructed across the river about two hundred feet north of and above the bridge ; and in 1842 the owners and proprietors of the mill-dam, for the purpose of using the water power, caused to be dug a race-way through and across the street, to carry water from the dam for the use of the proprietors of the water power south of the street, and below it on the river ; and caused to be built, at their own expense, across the race-way, a good and substantial bridge, which they subsequently kept in repair.

About 1885, the proprietors failed to maintain and keep in repair a good and sufficient crossing over the race-way, and claimed it was the duty of the municipal authorities to do so; and for the purpose of settling the controversy, the matter was submitted by said authorities and the then owners and proprie ors of the race. and water power to the Hon. I. G. Wilson, judge of the circuit court, who made an award to the effect certain of the proprietors should pay one half the expense of keeping and maintaining in repair the bridge in question, and certain others should pay five sixths, and still others one sixth, of the other half of such expense.

This award was acquiesced in, and the proprietors and their grantees for a number of years erected and maintained a bridge at their own expense over the race-way ; but for three or four years last past the now owners and proprietors of the race and water power, who are the grantees of the original proprietors, have failed to keep the crossing over the race-way in suitable condition, and now refuse to repair or maintain such crossing, which is unsafe for public travel.

The city council, on the 15th day of September, 1884, passed a resolution declaring the bridge unsafe, and requiring notice thereof to be given to the defendants to the present petition, who then were and now are the owners and occupiers of the race-way and water power, and are the grantees of and claim under the original proprietors ; and notice was thereupon served on the defendan s, requiring them to put the crossing in safe condition on or before the 6th day of April, 1885. The defendants fai'ed and refused to comply with this requirement. The prayer of the petition is that a mandamus may be issued compelling the defendants, and each of them, to repair and place in a suitable and safe condition for public travel, subject to the approval of the city council of the city of St. Charles, the aforesaid bridge or crossing over said race on Main street in said city of St. Charles, and that they keep the same in safe and reasonable repair. It seems to be conceded by the parties to this litigation that the award made by Judge Wilson is of no binding force. The matters set up in the petition with reference to this award may therefore be regarded as mere surplusage. Eliminating, then, these matters, sufficient still appears upon the face of the petition to show the relator is entitled to the relief sought. When the grantors of the defendants, by the license or with the acquiescence of the public authorities, constructed the race across the public highways, for their own private use and for the purpose of availing themselves of their water power, they assumed the burden not only of building the bridge across the ditch they had dug, or otherwise restoring the highway so as not to interfere with the rights of the public, but also of keeping the bridge in repair, and

rebuilding when necessary. This is the rule of the common law. In the People ex rel. v. C. & A. R. R. Co., 67 Ill. 118, the Supreme Court say: " It is a well settled principle of the common law, resting upon the most obvious consideration of justice, that any person or corporation that cuts through a highway for the benefit of such person or corporation, must furnish to the public a proper crossing, even though acting under a license from the proper authorities." The case of Dygart v. Schenck, 23 Wend. 446, referred to by appellee, is very much in point; and in the opinion of the court there a manuscript case of 8 Edw. 11, in the beginning of the fourteenth century, is cited, where it was held that " if a man erect a mill for his single profit, and make a new cut for the water to come to it, and make a new bridge over it, and the people use it to go over as over a common bridge, this bridge ought to be repaired by him who had the mill, and not the county, because he erected it for his own benefit."

The duty to keep in repair is also imposed upon the grantees of the original proprietors who are now the owners of the race-way and water power, as such duty is a condition attaching to and inseparable from the use of the public highway for private purposes. The defendants having succeeded to the rights of their grantors, are also subject to the same burdens. People v. C. & A. R. R. Co., supra; Nobles v. Langley, 66 N. C. 287.

Mandamus is not an appropriate remedy to enforce the performance of a duty by one who does not occupy an official or quasi-official relation, or for the enforcement of contract rights of a private or personal nature or obligation; but in the case at bar the duty is to the public and of a quasi-official character, to keep in proper repair a portion of the public's highway; and that duty is one that the law itself makes incumbent upon the defendants, and is for the b;nefit of the public at large and for the general welfare; and we think it is wholly immaterial that the duty is imposed by a rule of the common law, and it is not created by some positive and express provision of a statute, or secured to the public through

chartered privileges. We think that in the case before us the writ of mandamus affords a proper and sufficient remedy; and that the cases of The People v. C. & A. R. R. Co., 67 Ill. 118, and City of Ottawa, 48 Id. 233, are authorized to show the power of the court may be invoked by a mandamus proceeding respecting matters of the kind here in issue. It is also objected that it does not appear from the petition that the defendants are jointly and equally liable, each with the others, and to the same extent, to erect and maintain the bridge. The duty to keep the crossing in repair and bear all expenses necessary therefor is imposed by the law, in respect to the rights of the public and the relator, alike upon each and all the defendants, and they may, any or all of them, be called upon to perform this duty; and the law does not cast upon either the public or the relator the burden of apportioning either the work or its cost among those whose place it is to have it done.

The demurrer to the petition was properly overruled.

It is assigned as error that the court entered the judgment in the manner and form appearing in the record. The judgment is: "It is therefore ordered and adjudged by the court that a peremptory writ of mandamus issue against said defendants commanding them as per the prayer of the petition." This is informal, is probably a mere copy of the minute made by the judge, and indicates a reprehensible want of care on the part of the clerk in drawing up the orders of the court. But the reference to the petition renders the judgment sufficiently certain. The rule is, that the entry of a judgment must either be perfect in itself or be capable of being made perfect by reference as to other parts of the record in the case, or to the papers on file in the particular action. Freeman on Judgments, Sec. 54.

The prayer of the petition, which is incorporated by reference as a part of the judgment, is that defendants, and each of them, repair and place in a suitable and safe condition for public travel, subject to the approval of the city council of the city of St. Charles, the bridge or crossing over the race. It is urged the requirement the repairs are to be made " subject

to the approval of the city council" renders the act to be performed quite indefinite, and that the command of the writ awarded exceeds the limits of the legal obligation of the defendants. We think the objection is more captious than substantial; by the general act of incorporation under which the city is organized, full and exclusive control over the streets is given to the city council, and all work done thereon is made subject to its approval; the thing required to be done is simply to repair and place the portion of the street in question in a suitable and safe condition for public travel, and either with or without the subsequent clause, the council would, under the law, have the right to insist the crossing should be at the established grade, and otherwise in conformity with its ordinances.

Finding no error in the record for which the judgment should be reversed it is ordered that it be affirmed.

Affirmed.