SPECIAL VERDICT. — The jury being duly sworn and impaneled in this cause, for their verdict find the following to be the facts, to-wit:
That prior to and at the time of the laying out of the road and establishing same by the Commissioners of Hyde County, Q. M. Davis, the father of the defendants, W. C. Davis, C. W. Davis, Olivia Mann, and George Davis, owned the tract of land over which the road was laid out and established, and had the same drained by ditches which were necessary for the proper drainage thereof. That Q. M. Davis is dead, and the defendants, other than W. D. Mann, who has intermarried with Olivia Davis, are the heirs of Q. M. Davis and own and hold the said tract of land, which is a farm, as heirs of Q. M. Davis. That in 1857 the Commissioners of Hyde County, upon petition of Q. M. Davis and others, laid out and established the public road set out in the bill of indictment over the ditch and across the said tract of farm land. That at the time of establishing the said road the ditches were used and (612) necessary for the drainage of the said farm, and no ditches alleged in the bill of indictment have been cut across the road since the establishment thereof by the defendants or those under whom they claim. That the owners of the road since its establishment have maintained and kept the bridges until the last one or two years.
That at the time of and before the establishment of said road the said ditches were as they now are, and said road was laid out across ditches which at that time and in same manner now drain said farm of defendants. That said ditches do not drain the public road, and are not necessary to the drainage thereof. That the defendants have failed and neglected to keep said bridges across the said ditches in repair, and same were, at the time this action was commenced, unsafe for public travel. That the overseer of said road gave due notice for ten days to defendants to repair said bridges, and they refused more than ten days, and still refuse, to repair same.
If upon the foregoing facts the Court shall be of opinion as a matter of law that the defendants are guilty, the jury find them guilty; if upon said facts the Court be of opinion that as a matter of law on the said facts the defendants are not guilty, the jury find them not guilty.
No ditches are referred to in this verdict except such as may have been cut before the road was laid out.
Upon the foregoing verdict the Court is of opinion that defendants are not guilty, and so adjudges. The Solicitor for the State excepts to the foregoing judgment and appeals to the Supreme Court. *Page 456 
It appears that defendant constructed certain (613) ditches through his land for the purpose of draining it; that some time afterward a public road was established across defendant's land and bridges placed by the authorities across the ditches.
We know of no law which charges an owner of land with the duty of keeping bridges in repair when the road is established after he constructs his ditches. Section 2697 of the Revisal does not cover this case, but only cases where the owner of the land constructs a ditch across a public road then in existence. Nobles v. Langley, 66 N.C. 287, relied on by the State, is no authority, for the reason that in that case the public road was established before the ditch was dug across it.
Affirmed.