THE PEOPLE, upon the relation of REES MORGAN, v. JOHN CURYEA *et al.*

APPLICATION FOR A MANDAMUS.

A mandamus is not a proper remedy to try the question of the location of a public highway, as between the public and the landholders over whose land it is to be laid out. The court has a discretion in granting or refusing the writ.

THIS was an application by Rees Morgan for a mandamus, showing that certain persons were duly elected and qualified commissioners of highways for the town of Dayton, in La Salle county, and that these persons, fearing they might be made liable, refused to open and work certain public highways in said township. The application then sets out the time and manner of the laying out and opening of these roads, and also shows the obstructions to the working of the same, and the resistance thereto.

Prayer for a mandamus to said commissioners, commanding them to proceed to discharge their duties by opening the roads. The commissioners waived the issuing of an alternative mandamus.

LELAND, and GLOVER and COOK, for Relator.

O. C. GRAY and R. STADDEN, for Respondents.

SCATES, C. J.    Granting the writ of mandamus, under many circumstances, where it might be a proper remedy, is yet within the sound discretion of the court. *People ex rel. Brewster* v. *Kilduff*, 15 Ill. R. 501, 502; Tapping on Mand. 165, 166.

We look upon this case as one in which that discretion would be judiciously and soundly exercised by a refusal of the writ. From the petition, answers, and all the circumstances, we cannot resist the impression being made upon our minds, that there may be, nor avoid the conclusion that there are, divers landholders who may have a right and grounds to resist, and claims for damages for opening this highway; and that by this mode of proceeding, advantage will be gained over them, by shielding public officers from actions of trespass, when acting under the orders of this court in opening the road through private property, and so cut off either the claim altogether, or that mode of defending their possessions. Whether this be the effect or not, of issuing a writ in this case, or whether such was the design or not, while there are rights of way still to acquire by donation, purchase or condemnation, we should still withhold an order

to actually open the road. An application for a writ to compel the county court to proceed to procure, by proper means, the right of way, and cause the road to be opened, might present the question as it is, and in a very different aspect. But a mandamus to open the road is not the proper mode of ascertaining or adjusting land damages for the public easement; and while it appears there are such claims open, and will be asserted, we think the proper course to be, to leave the county court to proceed with and complete the location by procuring the right of way. We must suppose they are willing to do what ought to be done for the public weal, as they make no serious objection to a peremptory writ to open it, as asked in this case. We know not whether this acquiescence is through a desire to avoid the payment of, or supersede the claim for, damages by landholders, or whether they are willing to condemn and pay all that is assessed. But it is enough that there may be acts done under the writ, if issued, that might lead to actions of trespass, and the writ be used and made to embarrass the parties in actions partly growing out of obedience to it. I presume landholders, not parties to this proceeding, could not be prejudged of their rights under it, yet, if defendants obey the writ, by opening the road through such lands, and are sued for their acts, they, it would seem, ought to be protected in their obedience to it, and to allow such protection, would give it the effect of taking away another's property without his consent, a trial, or compensation.

Viewing the matter in this light, the writ of mandamus will be denied.

*Mandamus denied.*