66  339
129  281

66  339
130  491

66  339
97a  1433

66  339
193  2523

66  339
106a  1  77

COMMISSIONERS OF HIGHWAYS OF YORKTOWN

*v.*

THE PEOPLE *ex rel.* William Bonker *et al.*

1. MANDAMUS—*when it will be awarded.* The writ of *mandamus* ought not to be awarded in any case unless the party applying for it shall show a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced; and it must be effectual as a remedy, if enforced, and it must be in the power of the party, and his duty also, to do the act sought to be done.

2. This writ is of such a nature that courts will grant it only in extraordinary cases, when otherwise there would be a failure of justice.

3. SAME—*to compel commissioners of highways to remove obstructions in roads.* Where a road had been opened and traveled for many years, and it was claimed that certain parties had obstructed the same by encroachment of their fences to its center, which fact was disputed, and it appeared that the encroachment, if any, was made under an honest claim of right: *Held,* that it was error to award a *mandamus* against the commissioners of highways to compel them to remove the obstruction, there being no such duty imposed on them by statute, and because the law afforded ample redress by suit for the penalty imposed, and by indictment, in which the parties charged could be heard in defense of their claim.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

This was a proceeding by *mandamus*, on the relation of William Bonker and John Markle, against the commissioners of highways of the town of Yorktown, to compel them to open a certain highway, by the removal of fences claimed to have been in the same.

Mr. GEO. W. SHAW, for the appellants.

Mr. C. L. SHELDON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding, by *mandamus*, to compel the commissioners of highways to open a certain road as it was established by the original survey of it, and to remove certain obstructions therefrom.

The petition sets out that the two relators were the owners of farms adjacent to, and on the south side of, a public highway running in an easterly and westerly direction through section one, in the town of Yorktown, in Henry county; that the road was established, and opened, worked and traveled, in 1855, and has so continued open and traveled by the public from that time, save where partially obstructed as stated in the petition; that Geo. W. Lane and Sarah Lane own farms on the north side and adjacent to the road; that relators have maintained their fences on a line two rods south of the center line of the highway, but George and Sarah Lane have caused their fences on their south lines to be erected and maintained in the line of the road, and south of its center line, and within about twelve feet of the fence of relator Markle, whereby the road is obstructed. The petition was filed June 4, 1871.

The return sets up that the highway is not obstructed in the manner and by the persons alleged; that it was opened sixteen years ago, and has ever since been traveled by the public and worked by the public authorities; that the land along the

line of the route was dedicated by the land owners for the purpose of a highway, none of them receiving any compensation or damages, and they constructed fences and houses along the line of the road; that, after it had been opened and traveled a long time, the relators claimed that it was not traveled as originally surveyed, but that the route originally surveyed ran north of the traveled route, and that the house and fence of George Lane, and the fence of Sarah Lane, were in the highway as originally laid out; and that the relator Markle proceeded to erect his fence in the highway as originally laid out and traveled, claiming that he was erecting the same on the south line of the highway as originally surveyed, which fence is only twelve feet from the north line of the highway as originally laid out, opened and traveled, and is the only obstruction there is in the road; that the route traveled, and no other, was dedicated; that the route as originally surveyed was not opened, as required by the statute, within five years, and has never been, and can not now be, legally opened, but has been abandoned by the public, and the route actually traveled has been acquired by the public in its place. The testimony in the case tended to establish the facts as thus set forth by the respective parties.

The question here presented is, whether *mandamus* will lie, and is it the proper remedy in this case?

In *The People* v. *Hatch*, 33 Ill. 140, it is thus laid down: "The writ of *mandamus* is a high prerogative writ, to be awarded in the discretion of the court, and ought not to issue in any case unless the party applying for it shall show a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, and must be effectual as a remedy, if enforced; and it must be in the power of the party, and his duty also, to do the act sought to be done. It is well settled that, in a doubtful case, this writ should not be awarded. It is never awarded unless the right of the relator is clear and undeniable, and the party sought to be coerced is bound to act."

And again, in *School Inspectors* v. *The People,* 20 Ill. 531, the court, in reference to the same subject, say: "Nor does the petition show a clear legal right to the remedy asked. 12 Ill. R. 254. This writ is of such a nature that courts will grant it only in an extraordinary case, where otherwise there would be a failure of justice, which can not be pretended here."

Under the principles above laid down, we are of opinion that *mandamus* is not the proper remedy to compel commissioners of highways to remove obstructions of long standing, maintained as a matter of right by land owners, and believed by the road authorities not to be within the limits of the highway. We fail to perceive any clear duty on the part of the officers to perform such act. It would be unreasonable that they should be required to expose themselves to such hazard of liability in damages as they would incur by the removing of such obstructions. *Rex* v. *Dayrell,* 8 Com. L. R. 485.

No statute expressly imposes upon the commissioners of highways the duty of removing obstructions in a highway. It is made their duty to open and repair public roads; but this is no proceeding properly to open a road, where the highway has been established, opened, traveled and worked for sixteen years, nor to repair a road. It is one, rather, to remove obstructions from a road.

The statute has given a penalty for the obstruction of a public highway, and one for every day's continuance of the obstruction after notice by the proper road authorities for its removal. The statute has given a further specific remedy by indictment, where, on conviction, the obstruction may, by order of the court, be removed by the sheriff. It is not a case, then, where, without the writ, there would be a failure of justice.

There is no case presented here of a wilful obstruction; but George and Sarah Lane seem to have made and maintained the improvements which it is sought to have removed as obstructions, under an honest claim of right to do so, as not

being within the limits of the highway; and they should have
an opportunity to defend their rights, which is not afforded to
them in this proceeding.    *The People* v. *Ouryea,* 16 Ill. 547;
*United States* v. *The Commissioner,* 5 Wall. 563.

The court below awarded a peremptory *mandamus.*    The
judgment must be reversed.

*Judgment reversed.*