Commissioners of Highways of the Town of Hale

*v.*

The People *ex rel.* John H. Welch.

1. MANDAMUS—*will not lie to compel the removal of obstructions in a public highway.* When an indictment will lie for obstructing a public highway, and will afford a remedy convenient, beneficial and effectual in its nature, as a *mandamus*, to compel the opening of the highway, a *mandamus* will not be awarded.

2. When it appears that a highway has been obstructed, after having been opened and traveled by the public, the proper remedy is by a prosecution, under the statute, against the party causing the obstruction, and not by *mandamus* to compel the commissioners of highways to remove the obstructions and open the road.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a petition to the circuit court of Warren county, setting forth that a road therein described was, on the 29th of October, 1831, by the county commissioners of Warren county, ordered to be opened, and that it was so opened and used as a public road from that time until about the year 1859, when the owners of lands over which the road ran fenced it up, and put in bars for persons using the road to pass through, and that the public continued to use said highway, passing through the bars, until about a year previous to filing the petition, when the bars were nailed up and the highway entirely obstructed. The petition further states that the commissioners of highways had been requested to remove the obstructions and open the highway, which they had failed to do, and prays for a writ of *mandamus* to compel them to do so.

A peremptory *mandamus* was awarded, and the commissioners of highways bring the case to this court by appeal.

Mr. JOHN PORTER, and Mr. JOHN J. GLENN, for the appellants.

Messrs. STEWART, PHELPS & STEWART, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Although the nominal purpose of this *mandamus* is to open a highway, its real purpose is to remove obstructions claimed to have been improperly placed in a highway, established and used for a period of more than twenty years. The great mass of the testimony introduced by the respective parties relates entirely to the question, whether a highway in fact existed where the alleged obstructions were placed, and the arguments are chiefly devoted to this point. The case is, therefore, entirely different from *Commissioners, etc.* v. *The People ex rel.* 31 Ill. 99, and *Hall et al.* v. *The People ex rel.* 57 id. 307, cited by counsel for the relator. In those cases new highways, which had been lawfully established, were to be opened, and it was indispensable that the commissioners should act for that purpose. Parties could not be indicted or prosecuted for obstructing highways that had never been opened to the public for travel, and the commissioners were alone empowered by the law to take certain necessary preliminary steps for opening them.

Here, however, if a highway existed and was obstructed, there was a complete and adequate remedy, by which any person, feeling sufficiently interested, could cause the obstruction to be removed and the author of it to be punished, and there was no necessity for resorting to a *mandamus.* It is said in Tapping on Mandamus, p. 76, side 25, in discussing whether there being a remedy by indictment for the grievance complained of, will preclude relief by *mandamus*, " the test is, whether the writ or the indictment is the more effectual remedy. Therefore, in all cases where an indictment is a remedy equally convenient, beneficial, and effectual in its nature as a *mandamus*, or in other words, *is the proper remedy*, the court will not grant the writ."

In addition to other remedies, provided by the highway laws, in cases of obstructions, at and long prior to the commencement of this suit, it was provided by statute: " If any person shall obstruct or injure, or cause to be obstructed or

injured, any public road or highway,    *   *   *    or shall continue such obstruction, so as to render the same inconvenient or dangerous to pass,    *   *   *   *    every person so offending shall, upon conviction thereof, be fined not exceeding $100; and every such nuisance may, by order of the circuit court before whom the conviction may take place, be removed and abated by the sheriff of the proper county," etc.   Gross' Statutes of 1869, p. 193, sec. 21.   Substantially the same provision will be found in Revised Statutes of 1874, p. 221, subdivision 5.

But the question, whether *mandamus* will lie in such a case, is not a new one in this court, and it is, therefore, unnecessary to pursue the discussion further.   *People* v. *Curyea et al.* 16 Ill. 547, and *Commissioners of Highways, etc.* v. *The People ex rel. etc.* 66 id. 339, are directly in point, and hold that the case is not one in which there should be relief by *mandamus*.

The judgment is reversed.

*Judgment reversed.*