# The People ex rel. Abraham Brokaw
## v.
## Commissioners of Highways.

*Highways—Obstructions—Remedies—*Mandamus*—Statutes.*

This court affirms the judgment of the court below, sustaining a demurrer to a petition for a writ of *mandamus* to compel commissioners of highways to remove an obstruction in a highway, the statutory remedies being complete and effective.

[Opinion filed September 21, 1888.]

Appeal from the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Messrs. James S. Ewing and James S. Neville, for appellants.

The commissioners of highways permitted a party to build a fence across said road, and have persistently refused to cause said obstruction to be removed; and though notified in writing by appellant to act in the matter, absolutely refused to take any action with reference to the road whatever.

It is conceded by the demurrer to the petition that appellees refused to perform any part of their duty; not only that, but lent the sanction of their permission to the violation of the law.

The question here involved is different from that made in the County of St. Clair v. The People ex rel., 85 Ill. 396, and Commissioners, etc., v. The People, 66 Ill. 339, or any other case decided in this State.

We can readily understand how *mandamus* might not be the proper remedy " to remove the obstructions of long standing, maintained as a matter of right by land owners, and believed by the right authorities not to be in the limits of the highway;" but how it could be said it is not the duty of the highway commissioners to keep the public roads free from

obstructions under all the provisions of the law above referred to, we are unable to understand.

Messrs. TIPTON & BEAVER, for appellees.

"When an indictment will lie for obstructing a public highway, and will afford a remedy convenient, beneficial and effectual in its nature, as a *mandamus* to compel the opening of the highway, a *mandamus* will not be awarded, and when it appears that a highway has been obstructed, after having been opened and traveled by the public, the proper remedy is by a prosecution, under the statute, against the party causing the obstruction, and not by *mandamus* to compel the commissioners of the highways to remove the obstruction and open the road." Commissioners Town of Hale ex rel. v. Welch, 73 Ill. 204.

And to the same effect see People v. Curyea, 16 Ill. 547; People ex rel. Kloppe, 92 Ill. 138; Kloppe v. Stanley, 190 Ill. 197; Hyde Park v. Thatcher, 13 Ill. App. 616; Commissioners v. People, 2 Ill. App. 27; People v. Dulaney, 96 Ill. 512; People v. Village of Crotty, 93 Ill. 186; Trustees v. Kay, 8 Ill. App. 32; Mulliner v. Brownson, 114 Ill. 512; Commissioners v. People ex rel. Brokaw, 19 Ill. App. 253; S. C., 118 Ill. 339.

The court in cases of *mandamus* may, in its discretion, refuse to grant the writ when the effect of granting the same will throw on the public the burden of repairing the road, which may be of little or no benefit to the public, and of peculiar benefit to the land owner or land owners along the line.

In the case of Supervisors v. People, 16 Ill. App. 309, the court say: "The right of the party asking for a writ of *mandamus* must be unquestionable. That this is the settled law is beyond controversy. Green v. The People, 45 Ill. 225; County of St. Clair v. The People, 85 Ill. 396; People v. Town of Clayton, 88 Ill. 44; People v. Davis, 93 Ill. 133."

While it is true that they are not bound to show that they have no other remedy, yet it must be the law, that a man, under the statute, broad and liberal as it is, can not bring *mandamus* on all occasions, but must show a proper cause for

*mandamus* under the decisions, and unless he does so he is not entitled to the writ, and the court will consider the question whether or not there are other and better remedies open to him.

CONGER, J. This was a petition for a writ of *mandamus* to compel appellees to remove an obstruction placed across a highway. A demurrer was sustained to the petition and it was dismissed.

It is averred in the petition that some one had built a stake and rider fence across a public highway that had been opened and in use for more than twenty years, and that as petitioner was informed and believed, such fence had been placed there by the permission of appellees.

Under such circumstances the relator had a remedy complete and effective either by virtue of Secs. 221 and 222, Chap. 38, where a fine of $100 is provided and the nuisance shall be abated by the sheriff, or the ordinary penalty provided for obstructing highways to be found in road and bridge act. Coms., etc., v. The People, etc., 73 Ill. 203.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*