ABRAHAM BROKAW

*v.*

THE COMMISSIONERS OF HIGHWAYS OF BLOOMINGTON TOWNSHIP.

*Filed at Springfield October 31, 1889.*

1. MANDAMUS—*how far discretionary—in a doubtful case.*  The writ
of *mandamus*, since the revision of the statute relating to that remedy,
is only issued in a clear case, and in the discretion of the court.  When
it is doubtful whether the act sought to be coerced will or will not make

the party liable for a trespass, the court, in the exercise of its discretion, will refuse the writ.

2. SAME—*in case there is another remedy.* The ground that there is another remedy equally convenient and effectual, and therefore *mandamus* did not lie, is abrogated by section 9 of the act to revise the law in relation to *mandamus*, in force July 1, 1874.

3. SAME—*as to matters that are discretionary—in case of an abuse of discretion.* In case of an abuse in the exercise of a discretionary power, so that injustice will result, it is admissible that the exercise of the power shall be controlled by *mandamus*.

4. SAME—*obstruction in highway—mandamus to compel highway commissioners to remove it.* Prior to the revision of the statutes in 1874, the doctrine held by the courts was, that where a highway had been obstructed, after having been opened and traveled by the public, the proper remedy was by prosecution under the statute, against the party causing the obstruction, and not by *mandamus* to compel the commissioners of highways to open the road, principally for the reason that there was a complete and adequate remedy at law by indictment.

5. SAME—*former decision—distinguished.* The case of *Yorktown* v. *People*, 66 Ill. 339, to the effect that the court would not, by *mandamus*, compel commissioners of highways to open a road and remove obstructions therein, when such act might be a trespass, was made at a time when there was no statute which expressly imposed such a duty, and in a case where the obstructions were of long standing, and were maintained under a claim of right, while in this case, the facts admitted by the pleadings show the existence of the highway and an obstruction of the same.

6. HIGHWAYS—*removing obstructions—duty of highway commissioners.* Under the act of 1883, in regard to roads and bridges in counties under township organization, the commissioners of highways are given the charge of the roads and bridges of their respective towns. By section 2 of that act the commissioners of highways, after having given reasonable notice to the person obstructing the highway to remove the obstruction, are given the power to remove the same, and to recover the cost of such removal from the party so obstructing the same. And by section 74 of the act it is made their duty to seasonably prosecute for all fines and penalties incurred under such act.

7. The provisions of section 71 of the Road law of 1883, "that the commissioners, after having given reasonable notice, etc., *may* remove any such fence or other obstruction," etc., are intended to impose upon the commissioners the imperative duty of removing obstructions from the public highway. The word "may" in such section is to be construed as "shall."

8. While it is the imperative duty of commissioners of highways to remove obstructions placed upon a public highway, they have a discretion as to the length of the notice they may first give the offending party to remove the same. It is as much their duty to exercise this incidental discretion for the public good, by determining what is a reasonable notice in the particular case, and by giving it, as it is to remove the obstruction from the road.

9. CONSTRUCTION OF STATUTES—*when the word "may" means "shall."* The word "may" in a statute will be construed to mean "shall," whenever the rights of the public or third persons depend upon the exercise of the power or the performance of the duty to which it refers; and such is its meaning in all cases where the public interests and rights are concerned, or a public duty is imposed upon public officers, and the public or third persons have a claim, *de jure,* that the power shall be exercised.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This is a petition filed in the McLean circuit court, by Abraham Brokaw, to compel the commissioners of highways of Bloomington township to remove an obstruction from a highway.

The petition alleges that petitioner is the owner of the east half of section 27, township 23 north, range 2 east, in McLean county, and that there is a public highway running north and south on or near the center line of said section, which public highway has been in use for more than twenty years. The petition then proceeds as follows:

"Petitioner further represents, that someone has built a stake-and-rider fence across said public highway, causing an obstruction therein, so that it is impossible to travel said highway. Petititioner is informed, and believes, that said obstruction was placed there by permission of the said highway commissioners, and by reason of the said obstruction, and the failure of said commissioners to keep said road in repair, the travel theretofore thereon has been directed and the most of it now passes through petitioner's land. Petitioner further

represents, that said highway commissioners have had full knowledge, for at least six months last past, of the existence of such obstruction in said public highway, and have taken no steps to cause the same to be removed. Petitioner further represents, that he has notified said commissioners, in writing, of the existence of such obstruction, and requested them to take steps to have said obstruction removed; that the said commissioners have failed, refused and neglected, and now absolutely refuse, to act in the premises, or to take any action with reference to said road whatever."

The prayer of the petition is for a writ of *mandamus*, "ordering and directing the commissioners of highways to proceed to have said obstruction removed."

Upon the demurrer of the commissioners of highways to the petition, there was final judgment in the circuit court in their favor, and against the petitioner, and that judgment was subsequently affirmed in the Appellate Court for the Third District. The case is now brought here by further appeal.

Mr. JAMES S. EWING, and Mr. JAMES S. NEVILLE, for the appellant:

Section 2 of the Road and Bridge act of 1883 declares, that "the commissioners of highways shall have charge of the roads and bridges of their respective towns, and it shall be their duty to keep the same in repair, and to improve them as far as practicable;" and by section 5 they are "to exercise such care and supervision over them as the public good may require."

Section 67 provides a penalty against commissioners who willfully refuse or neglect their duties, and section 71 provides for a penalty against anyone encroaching upon a public road "with any fence," etc., a fine of not less than three dollars, and an additional sum of not exceeding three dollars per day for every day he shall suffer such obstruction to remain after notice to remove the same; and further, "that the commis-

sioners, after having given reasonable notice to the person so obstructing such road, may remove any such fence," etc.

Section 74 provides, that whenever any person shall enter complaint to any commissioner, it shall be his duty to proceed at once to investigate as to the reason of such complaint, and if the complaint is found to be just, he shall at once proceed to prosecution.

The commissioners could enter upon the road and remove the obstruction, after proper notice. Appellant could not do this. Section 74 provides, that "all suits for the recovery of any fine or penalty shall be brought in the name of the town, and the commissioners shall prosecute." In case of failure of the commissioners to do so, the petitioner might have brought a suit to recover the three dollars, in the name of the town, by giving a bond for costs, etc.; but before doing so, he would have to obtain authority to sue, from the town authorities.

It may be said that a remedy existed by indictment; but we submit that it would be very questionable whether the person obstructing the highway would be liable to indictment for placing this obstruction. Having done so by permission of the commissioners of highways, certainly no conviction could be had, under the circumstances.

It is conceded by the demurrer to the petition that appellees refuse to perform any part of their duty; not only that, but lent the sanction of their permission to the violation of the law.

The question here involved is different from that made in *County of St. Clair* v. *People ex rel.* 85 Ill. 396, and *Commissioners* v. *People*, 66 id. 339, or any other case decided in this State.

We can readily understand how *mandamus* might not be the proper remedy "to remove the obstructions of long standing, maintained as a matter of right by land owners, and believed by the right authorities not to be in the limits of the highway;" but how it could be said it is not the duty of the highway com-

missioners to keep the public roads free from obstructions, under all the provisions of the law above referred to, we are unable to understand.

Messrs. TIPTON & BEAVER, for the appellees:

The petition is insufficient in this: that it fails to show that the obstruction complained of is an unlawful obstruction, or that the commissioners, appellees, have a right to remove the same, or that they could maintain an action for obstructing the highway.

The law is inflexible that *mandamus* will not lie when a right sought to be enforced is doubtful. The principle is, that the party praying the writ must show a clear right to the remedy sought.

That the commissioners have a discretion in the management of the highway is too well settled for argument,—in other words, they have control of the highway. *Old Town* v. *Dooley,* 81 Ill. 255.

Failure to open and keep in repair a new road, is not, in itself, a breach of duty. *Lequat* v. *People,* 11 Ill. 330.

In the case of *Commissioners of Town of Hale ex rel.* v. *Welch,* 73 Ill. 204, it is held: "When an indictment will lie for obstructing a public highway, and will afford a remedy convenient, beneficial and effectual in its nature, as, a *mandamus* to compel the opening of the highway, a *mandamus* will not be awarded; and when it appears that a highway has been obstructed after having been opened and traveled by the public, the proper remedy is by a prosecution, under the statute, against the party causing the obstruction, and not by *mandamus* to compel the commissioners of the highway to remove the obstruction and open the road." To the same effect, see *People* v. *Curyea,* 16 Ill. 547; *People ex rel.* v. *Klokke,* 92 id. 138; *Klokke* v. *Stanley,* 109 id. 197; *Hyde Park* v. *Thatcher,* 13 Bradw. 616; *Commissioners* v. *People,* 2 id. 27; *People* v. *Dulaney,* 96 Ill. 512; *People* v. *Village of Crotty,* 93 id. 186;

*Trustees* v. *Kay*, 8 Bradw. 32; *Mulliner* v. *Bronson*, 114 Ill. 514; 118 id. 239.

As to when *mandamus* lies, see *Vest* v. *Paddington Vestry*, 9 B. & C. 461; *People* v. *Davis*, 93 Ill. 133; *Commissioners* v. *People*, 100 id. 574; *County of St. Clair* v. *People*, 85 id. 396; *People* v. *Clayton*, 88 id. 44; *People* v. *Davis*, 93 id. 133.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Prior to the revision of the statutes, in 1874, the doctrine as held in this State was, that where a highway had been obstructed after having been opened and traveled by the public, the proper remedy was by prosecution, under the statute, against the party causing the obstructions, and not by *mandamus* to compel the commissioners of highways to remove the obstructions and open the road. (*Commissioners* v. *People*, 73 Ill. 203; *Commissioners* v. *People*, 66 id. 339; *People* v. *Curyea et al.* 16 id. 547.) The ground upon which the doctrine was chiefly placed was, that there being a complete and adequate remedy by indictment, relief by *mandamus* was precluded; and another ground stated in some of the cases was, that no statute expressly imposed upon the commissioners the duty of removing such obstructions.

The ground there is another remedy equally convenient and effectual, and therefore *mandamus* did not lie, is abrogated by section 9 of the act to revise the law in relation to *mandamus*, in force July 1, 1874, which provides that "the proceedings for the writ of *mandamus* shall not be dismissed nor the writ denied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy." Whether or not *mandamus* will lie since the revision of 1874, and under the present road laws, against highway commissioners, to compel the removal of obstructions from a public road, and if so, under what circumstances it will lie, does not appear to have been passed upon by this court.

The second section of the act of 1883 in regard to roads and bridges in counties under township organization, provides that the commissioners of highways shall have charge of the roads and bridges of their respective towns. Section 71 of the act provides as follows: "If any person shall injure or obstruct a public road by felling a tree or trees in, upon or across the same, or by placing or leaving any other obstruction thereon, or encroaching upon the same with any fence, or by plowing or digging any ditch or other opening thereon, or by turning a current of water so as to saturate or wash the same, or shall leave the cuttings of any hedge thereon for more than ten days, they shall forfeit for every such offense a sum not less than three dollars nor more than ten dollars; and in case of placing any obstruction on the highway, an additional sum of not exceeding three dollars per day for every day he shall suffer such obstruction to remain after he has been ordered to remove the same by any of the commissioners, complaint to be made by any person feeling himself aggrieved. * * * *And provided further*, that the commissioners, after having given reasonable notice to the owners, or person so obstructing or plowing or digging ditches upon such road, of the obstruction, may remove any such fence or other obstruction, fill up any such ditch or excavation, except ditches necessary to the drainage of an adjoining farm, emptying into a ditch upon the highway, and recover the necessary cost of such removal from such owner or other person obstructing such road aforesaid, to be collected by said commissioners before any justice of the peace having jurisdiction." Section 74 provides for the recovery of fines and penalties in the name of the town, and that it shall be the duty of the commissioners to seasonably prosecute for all fines and penalties under the act, and that "in case of a failure of such officers to so prosecute, complaint may be made by any person, *provided* said person shall, before bringing suit in the name of the town, give a bond for costs, as is provided for in the case of non-

residents. But whenever any person shall enter complaint to any commissioner, it shall be the duty of such commissioner to at once proceed to investigate as to the reasons of such complaint, and if such complaint is found to be just, he shall at once proceed to prosecution."

The averments of the petition are not based upon the failure of the commissioners to sue for the fines and penalties imposed by section 71, but upon their neglect and refusal to remove the fence from the public road, and the only relief prayed for is a writ commanding them "to proceed to have said obstruction removed, as is their duty according to law."

It is urged, that as the commissioners have charge of the roads in their town, they have a discretion in respect to the matter of their management, and that the courts will not coerce them, by *mandamus*, in regard to matters that are placed under their control and left to their discretion. Many of the powers given to the commissioners are discretionary, but, in our opinion, the power here in question is not of that character. By section 2 of the act it is made their duty to keep the roads of their town in repair, and section 5 requires them to exercise such care and supervision over such roads as the public good may require. The language of section 71 is, "that the commissioners, after having given reasonable notice, etc., may remove any such fence or other obstruction," etc. We think it was intended by the statute to impose upon the commissioners the imperative duty of removing obstructions from the public highway, and that the word "may" is to be construed as "shall." The word "may," in a statute, will be construed to mean "shall" whenever the rights of the public or of third persons depend upon the exercise of the power or the performance of the duty to which it refers, and such is its meaning in all cases where the public interests and rights are concerned, or a public duty is imposed upon public officers, and the public or third persons have a claim *de jure* that the power shall be exercised. *Kane* v. *Footh,* 70 Ill. 587; *Fowler* v. *Pirkins,*

77 id. 271; *Gillinwater* v. *M. & A. R. R. Co.* 13 id. 1; *Schuyler County* v. *Mercer County*, 4 Gilm. 20.

In the statute before us it is clear that a duty is imposed upon public officers, and that the rights and interests both of the public and of third persons are involved, and that they have a claim, as matter of right, that the highway commissioners should exercise the power given them, and the duty devolved upon them of keeping the public road clear and free from fences or other obstructions that render it impossible to travel thereon. It is to be noted that the statute provides the fences or other obstructions are to be removed by the commissioners after they have given the notice mentioned therein. The number of days' notice thus to be given is not designated, and it is only required it shall be a reasonable notice. There is, then, necessarily some discretion in the commissioners, in this regard. The duty on them to act is imperative, and the discretion given them is merely in respect to a matter which is incidental to the performance of such duty. It is as much incumbent upon the commissioners to exercise this merely incidental discretion, for the public good, by determining what is a reasonable notice in the particular case, and by giving it, as it is to remove the obstruction from the road. When a discretion is abused, and made to work injustice, it is admissible that it shall be controlled by *mandamus*. *Village of Glencoe* v. *People*, 78 Ill. 382; Tapping on Mandamus, (Am. ed.) 66.

The claim is made by appellees, that the court can not tell, from the petition, whether they, appellees, in removing the fence, would be trespassers or not, and that the case is like the case of *Comrs., etc., of Yorktown* v. *People*, 66 Ill. 339. At the time of that decision there was no statute which expressly imposed upon commissioners of highways the duty of removing obstructions in a highway. Besides this, the obstructions in that case were of long standing, were maintained under a claim of right by land owners, and were believed by the road authorities not to be within the limits of the highway. Here,

the truth of all the averments in the petition is admitted by the demurrer, and the conceded facts are, that the fence and obstruction are across an existing public highway that has been used as such for more than twenty years, and that such obstruction makes it impossible to travel such highway. It is not perceived how it is possible, under such circumstances, the commissioners, in proceeding to remove the fence in conformity with the provisions of the statute, could be trespassers. The writ of *mandamus*, ever since the revision of the statute relating thereto, is only issued in a clear case, and in the discretion of the court. (*People* v. *Weber*, 86 Ill. 283.) If, therefore, another case should arise which is like the *Yorktown case, supra*, where the alleged obstruction is maintained by a third person under a claim of right, and is believed by the commissioners not to be within the highway, perhaps the court might, under its discretionary power, refuse the writ of *mandamus*, and leave the petitioner to the remedy by indictment, without he had, by a suit prosecuted by him in the name of the town, under the privilege given him by section 74 of the Road and Bridge act of 1883, first established, as against the person maintaining the supposed obstruction, that the *locus in quo* was in fact a part of the public highway.

Various minor objections are made to the petition. Suffice it to say, that we do not regard them as well made, and that, in our opinion, it shows a good *prima facie* case for the awarding of a writ of *mandamus*.

Our conclusion is, that it was error in the circuit court to sustain the demurrer to and dismiss the petition. The judgments of the circuit and Appellate courts are reversed, and the cause remanded to the circuit court.

                                                *Judgment reversed.*