# LEONARD HUNT

## v

# COMMISSIONERS OF HIGHWAYS.

*Mandamus—Highways.*

1. Monuments and landmarks must prevail as against a plat in establishing the true line of a given road.

2. The writ of mandamus should not issue where the right sought to be enforced is doubtful; and the party praying for its issuance must show a clear legal right to the remedy afforded by it, before it will be ordered.

3. Upon a petition for mandamus, the prayer being for a peremptory order commanding commissioners of highways to proceed to remove obstructions from a given highway, to use their legal power to designate the boundaries thereof by visible objects and to warn adjacent owners and occupants of land to desist from in any way obstructing the same in the future, this court declines, in view of the evidence, to interfere with the judgment denying the same.

[Opinion filed June 21, 1892.]

APPEAL from the Circuit Court of Madison County; the Hon. ALONZO S. WILDERMAN, Judge, presiding.

Mr. JOHN G. IRWIN, for appellant.

Mr. W. F. L. HADLEY, for appellees.

GREEN, P. J. Appellant filed his petition for mandamus in the Circuit Court alleging he now is, and became the owner of the N. W. ¼ of Sec. 31, T. 3 N., R. 8, W. 3d P. M.,

Madison County, in 1886, at which time and for twenty years prior thereto there was a highway which had been laid out and established, and which, according to the record of the location thereof, was sixty-six feet wide, and crossed the northwest corner of said tract of land; then set out courses and distances of alleged highway; that the only outlet from said land to market, etc., was said highway; that appellant purchased said land with the understanding that the correct location of highway was as described, and examined the record and found it to be so; that since he purchased, the commissioners have permitted the traveling public to encroach upon lands west of said tract, and to deviate from the line above described, beginning at a point northwest of said quarter section corner three-quarters to seven-eighths of a mile, and continuing to run west of the line of said highway to a point thirteen chains southward of said corner, where it returns to its true location, the line of travel having deviated at said corner so far as to cut appellant's land off from said highway, and deprive his tenants of an outlet, without passing over the land of adjacent proprietors, who refuse to permit said tenants to pass over it within the limits of the said highway, and by threats and force resist all attempts to do so, and threaten to prevent the use of said highway, and have plowed up and used the ground in said highway for farming purposes; that appellant requested the highway authorities to use their powers to restore the rights of the public to use said highway for travel, but his requests being refused, he served a written notice upon the commissioners of both townships through which the road runs, after which the commissioners of Collinsville township agreed that, so far as said highway was under their jurisdiction, they would plow furrows to designate the boundaries, and would warn land owners not to encroach, and claim to have done so, but refuse to enter any order of record defining the boundaries, or to enforce the law against those who obstruct said highway; that the commissioners of Nameoki township (defendant) have never given heed to any notice, oral or written, and have refused, and still refuse, to restore said highway, or to assist the rights of the public to

use it, and permit it to be obstructed and encroached upon as alleged.

Prayer for peremptory order commanding defendants to proceed to remove the obstructions from said highway, to use their legal power to designate the boundaries thereof by visible objects, to warn adjacent owners and occupants of land to desist from in any way obstructing the same in the future, and to use the power and authority conferred upon them by law to enforce obedience to all its requirements as respects the right of the public to the use of said highway for highway purposes, unobstructed and for general relief. Defendants' answer admits there was a highway laid out and opened through parts of the towns of Nameoki and Collinsville, but deny it was laid out and opened so that it ran across or touched any part of said N. W. ¼ of Sec. 31; alleges said highway was established and opened in 1837, upon the line now traveled through Sec. 3, T. 3 N., R. 8, and Secs. 25 and 36, T. 3 N., R. 9, and shortly after it was opened the public began to and continued to use it as now traveled up to the present time without objection from any one, and during all the time it has been under the care of the proper road authorities, and has been worked and taken care of by the public; that owners of adjoining lands built fences along the line as then opened, and erected houses and other buildings with reference to its location as then and ever since used; that if there is any record showing the establishment of a public highway across the northwest corner of said N. W. ¼ of Sec. 31, the public have long since lost all rights therein by abandonment, for the reason that such road has never been opened to or used by the public.

That a right of way for road purposes has been obtained and used by the public for more than fifty years, as above set forth, running in the same general direction, and at no place more than one hundred and fifty feet from the line of road as claimed by the petitioners; that said road as traveled and the line, as claimed by petitioners, unite at a point about three-fourths of a mile north, and again at a point about half a mile southeasterly from said northwest corner of said N. W. ¼ of

Sec. 31, and said road as now traveled is the only one that has run in that direction through that neighborhood for more than fifty years and now furnishes an adequate and sufficiently convenient outlet for all persons having occasion to use it. Defendants deny that the public travel has been directed from the line, as claimed by the petitioner, for the reason that the public travel has never been on that line, and deny that there is any obstruction of the said road as established and used; admits occupants of adjoining lands use it for farming purposes and that they and their grantors have so used it fifty years, claiming to be owner, and deny the right of the public to use any part of said land for road purposes, and claim that a public road is established at the place where it has been used for fifty years. To this answer petitioner filed his replication alleging that said highway was laid out upon the line described in the petition, and that the same is still upon said line and has not been abandoned, nor have the petitioner or general public lost their right thereto in manner and form, etc., concluding to the country. Upon the issue thus joined, the cause was tried by the court, the writ of mandamus prayed for was denied, and judgment for costs was entered against appellant, who thereupon took this appeal. To maintain the issue on his behalf and entitle himself to the aid of the remedy prayed for, it was necessary for petitioner to prove that the highway known as the Edwardsville and St. Louis road, as located, laid out and established, crossed the northwest corner of the land owned by him and described in his petition. It is earnestly insisted on his behalf that a plat and survey introduced in evidence show the highway in question to have been located, laid out and established as alleged, and that monuments or landmarks showing the line of the road were described by witnesses, and the line thus marked out by them agrees with that shown by the plat and survey.

Hence, although monuments and landmarks must prevail as against a plat in establishing the true line of the road, yet in this case there is no conflict requiring the application of that rule. We have reached a different conclusion after examining the record, and find that appellant not only failed to prove

Hunt v. Commissioners of Highways.

the material allegation of his petition, but by the preponderance of the evidence it appears a public highway was not located on his land and the fact is undisputed that no road was ever opened or worked thereon. Witness Hadley testified he was one of the viewers duly appointed to locate and open said highway and carried one end of the chain when it was surveyed; that it was located in 1837 and opened for public travel in the same year; that no part of it was located or opened on said land of appellant, and from the time it was opened it was traveled to his knowledge on the line as located until 1866.   Johnson, Wooldridge, Fetherington, Spahe and Wheeler, who lived in the vicinity of the road, testified that for a period of thirty to thirty-five years prior to their examination, the line of travel had been the same, and the road had always been west of and no nearer appellant's land than it now is, since they first knew it.   Some of them mentioned the location of fences and a little cabin as landmarks, tending to show the east line of said highway as located and opened was west of appellant's land.   It thus appears that the Edwardsville and St. Louis road has been opened and traveled on the same line for more than fifty years; that no part of it was ever opened upon or touched the land of appellant, and we are satisfied from the evidence it was not located thereon. Appellant was not entitled to the writ.   The writ of mandamus should not issue when the right sought to be enforced is doubtful, and the party praying for its issuance must show a clear legal right to the remedy afforded by it, before it will be ordered.   People v. Weber, 86 Ill. 283; People v. Village of Crotty, 93 Ill. 180, and authorities there cited; North v. Trustees, Ad. Sheets No. 3, Vol. 137 Ill. Rep., 296.

In Brokaw v. Commissioners of Highways, 130 Ill. 483, cited by appellant to support his contention that he is entitled to the writ to compel defendants to perform their duty, it is said in the opinion: "We think it was intended by the statute to impose upon the commissioners the imperative duty to remove obstructions from the public highway, and as the demurrer to the petition admits that the fence and obstructions are across an existing public highway that has been used

as such for more than twenty years, it shows a *prima facie* case for awarding the writ of mandamus, and it was error to sustain the demurrer. In the same opinion it is also said, however, the writ of mandamus ever since the revision of the statute relating thereto, is only issued in a clear case and in the discretion of the court. If, therefore, another case should arise, which is like the case of Commissioners v. People, 66 Ill. 339, where the alleged obstructions were of long standing and were maintained under a claim of right by the land owner, and is believed by the commissioners not to be within the highway, perhaps the court might, under its discretionary power, refuse the mandamus, and leave the petitioners to the remedy by indictment without he had under the provisions of Sec. 74, Road and Bridge Act of 1883, first established against the person maintaining the supposed obstruction that the *locus in quo* was in fact a part of the public highway." Under the facts in this record a case is presented in which better reasons are shown why the writ ought to have been refused than appear in Commissioners v. People, *supra*, and the trial court did not err in the order and judgment entered below. The judgment is affirmed.

*Judgment affirmed.*