*In the matter of the Petition of* CHARLES McCort *for a Writ of Habeas Corpus.*

1. CITY ORDINANCE, *Violation of — Failure to Pay Fine — Power of Police Court.*   In order that the police court in a city of the second class may commit a defendant, duly convicted of the violation of a city ordinance, to jail, in default of payment of a fine and costs, it is not necessary that a city ordinance should authorize such commitment, because authority to so commit is conferred by § 89, chapter 19, General Statutes of 1889.

2. CITY PRISONERS — *Work on Streets — Credit on Fine.*   The law permits, but does not require, city authorities to cause city prisoners to work on the streets and public grounds of the city; and where a prisoner is confined in the county jail for the nonpayment of a fine and costs duly adjudged against him, he is not entitled to credit on such fine and costs for the time he is confined in the jail, nor to his discharge

after the lapse of such time after his commitment as would, if computed at the rate of allowance for work provided in the ordinance, amount to as much as the fine and costs.

*Original Proceeding in Habeas Corpus.*

THE opinion herein, filed October 7, 1893, contains a sufficient statement of the case.

*Milton Brown,* for petitioner.

*Dodd Cartwright,* city attorney, for respondent; *A. J. Hoskinson,* of counsel.

The opinion of the court was delivered by

ALLEN, J.: The petitioner is confined in the county jail of Finney county, under a commitment issued by the police court of Garden City, a city of the second class, which shows that the defendant was convicted of drunkenness and disorderly conduct, and fined $10, and costs taxed at $14.40, and committed to the county jail until such fine and costs are paid. The city ordinance under which the defendant was convicted provides that any person convicted of the offenses with which the petitioner was charged shall be fined not less than $1 nor more than $50, but is entirely silent with reference to commitment to jail in default of payment of the fine. His counsel contends that, inasmuch as the ordinance does not authorize a commitment to jail, the judgment of the police court committing him is unwarranted and void. Section 89 of chapter 19, General Statutes of 1889, concerning cities of the second class, provides:

"If the defendant plead or be found guilty, the police judge shall declare and assess the punishment prescribed by ordinance, and render judgment accordingly, and for costs of suits, and that the defendant stand committed until the judgment is complied with."

This section gives ample authority to commit for the nonpayment of fines and costs imposed under the ordinance. The

city council could not by ordinance add anything to the authority given the police judge by this section.

Section 68 of said chapter 19 contains the following provision:

"And any person committed for the nonpayment of fine and costs, or either, while in custody, may be compelled to work on the streets, alleys, avenues, areas and public grounds of the city under the direction of the street commissioner or other proper officer, and at such a rate per day as the council may by ordinance prescribe, until such fine and costs are satisfied."

Section 1 of ordinance No. 25 of the city is as follows:

" Whenever any person shall be convicted in the police court of the violation of any of the ordinances of said city and adjudged to pay any fine, or any fine and costs, or costs alone, and shall be committed for the nonpayment of such fine and costs, or either of them, such person while in custody may be compelled to work on the streets, alleys, avenues, areas and public grounds of the city under the direction of the city marshal, or any policeman, or the street commissioner, but such person shall not be compelled to work more than 10 hours per day, and for each day's work performed by him, he shall be credited $1 on the judgment against him, and when the judgment is satisfied, he shall be discharged."

The commitment was issued on the 15th day of June, 1893, and the petition for the writ in this case was filed on the 27th of July; so the defendant at that time had been confined 42 days for the nonpayment of a fine and costs amounting in all to $24.40. It is contended for the petitioner that the word "may," both in the statute and in the ordinance, means "must," and that the defendant is entitled to a credit of $1 per day for every day he is kept in custody, whether he be required to work or not, unless he refuses to work. We are inclined to think that the case of *Brokaw v. Comm'rs of Highways*, 130 Ill. 482, states the general doctrine with reference to the construction of the word "may" in a statute correctly, as applied to the case then under consideration, but the sense in which the word is used must always be determined from

the context of the act.   The word "may," in its ordinary signification, is permissive, not mandatory.  (Bouv. Law Dict.; *Cooke v. National Bank,* 52 N. Y. 96.)

"The word 'may' means 'must' or 'shall' only in cases where public interests or rights are concerned, and the public or third persons have a claim *de jure* that the power shall be exercised." (*Schuyler Co. v. Mercer Co.,* 4 Gilm. 20; *Fowler v. Pirkins,* 77 Ill. 271; *The State v. Sweetsir,* 53 Me. 438; *Central Branch Rld. Co. v. Ingram,* 20 Kas. 66.)

The punishment which the law authorizes is a fine and the costs.    If the defendant pays the fine and costs, neither imprisonment nor compulsory labor can be imposed.    For the purpose of enforcing collection of the fine the law authorizes imprisonment, and for the same purpose it also authorizes the employment of prisoners on the streets, etc.    The statute gives the city council the power to fix the rate per day to be allowed a defendant who is working out his fine, without any limitation.    The city may or may not have work on which it would be profitable or desirable to employ city prisoners.    If the city authorities see fit to put the defendant at work, he must be credited on the fine and costs at the rate of $1 per day for the time he is so employed, and if they do not see fit to have him work, he will get no credit for the time he remains in jail, but can be discharged at any time on payment of the fine and costs.    To hold that every city prisoner must be worked, and is entitled to a credit of $1 per day on the judgment against him whether he works or not, would lead to results we do not think the legislature contemplated or intended, for no distinction is made between able-bodied men, invalids, women, and children; between classes of individuals who might be employed with advantage, and those who could be of no service.

Counsel contends that under this view of the law the petitioner may be kept in jail indefinitely.   We are not now called on to consider any of the provisions which the law makes for the discharge of defendants who are unable to pay their fines and costs, and therefore will not discuss that proposition.

The contention that the defendant's confinement is excessive, cruel and unusual punishment, and therefore in violation of the constitution, hardly calls for serious consideration.

We perceive no good reason for the discharge of the prisoner, and he will be remanded to the custody of the sheriff.

All the Justices concurring.