## Andrew Jennings et al. v. John L. Scott et al.

1. MANDAMUS—*Removal of Obstructions in Highways.*—Under the facts stated in the amended petition in this case, which is admitted by the demurrer, the court holds it to have been the clear duty of the highway commissioners to remove the obstruction.

Mandamus.—Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLER, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded with directions. Opinion filed February 27, 1900.

COPY OF THE AMENDED PETITION FOR MANDAMUS.

STATE OF ILLINOIS, } ss.
  Edgar County. }

To the Honorable Judge of the Edgar Circuit Court, at the June term, A. D. 1899 :

Your petitioners, Andrew Jennings, Jesse Thompson, Nelson Thompson and Elija Jennings, respectfully show unto your honor that they are one and all legal residents and taxpayers in the township of Prairie and the county of Edgar aforesaid.

Your petitioners further show unto your honor that in said township of Prairie there is a certain public highway, by user, which from the northwest corner of the southeast quarter of the northeast quarter of section 18, T. 16 N., R. 10 W., in Edgar county, Illinois, extends and runs in an easterly course until it meets a certain other road or highway running north and south through about the center of section 17, T. 16 N., R. 10 W., of said county, meeting said

last road at the northeast corner of the southeast quarter
of the northwest quarter of section 17, T. 16 N., R. 10 W.,
said road being of the width of forty feet, or about that
width.

That said first described road or highway has been continu-
ously used by the public as a public highway for the space
of more than thirty-five years prior to the filing of this peti-
tion. That at the time said road was first used as a public
highway, its boundaries were established by fences on the
north and south side of it respectively, such fences being
continuous on both sides of said highway.

Affiant further says that said fences, so establishing the
boundaries of said highway, remained in the same position
continuously for upwards of thirty-five years, during all of
which thirty-five years said road was used as a public high-
way, so that the said tract of land lying between said fences
became, was and is a public highway by user. That about
nine years ago one Alonzo Kennedy (son of A. J. Kennedy,
owner of the land upon the south side of said highway)
moved the boundary fence upon the south side of said high-
way north into said highway for the space of, to wit, ten
feet along the entire length of said highway, thereby nar-
rowing the width of said highway by the space of, to wit,
ten feet. That said fence was so moved into the said high-
way unlawfully, and has been unlawfully allowed to remain
in said highway from the time it was so moved until the
filing of this petition. And that said fence is now obstruct-
ing said highway and is a hindrance to public travel, and
that said fence is the obstruction complained of in this peti-
tion, and that people traveling over this said highway are
greatly inconvenienced by said obstructing fence.

Your petitioners further state that John L. Scott, Josiah
Bonwell and John H. Mitchell, who are hereby made
defendants unto this petition, are the highway commission-
ers of said Prairie Township. Petitioners further show
unto your honor that upon the 31st of July last, Andrew
Jennings, one of your petitioners, served a notice in writing
upon said commissioners of highways, notifying them of the
existence of said obstructions in said highway and asking
the said commissioners to have the same removed there-
from. That said written notice was duly served upon said
highway commissioners by handing a copy of the same to
each of said commissioners upon the 31st day of July, A.
D. 1899, and at the same time informing him of its contents,
a true copy of which notice is hereunto attached marked
exhibit " A " and made a part of this petition.

Your petitioners further show unto your honor that said highway commissioners have wholly neglected and refused to take any steps whatsoever toward having such obstructions removed from such public highway and have notified your petitioner, Andrew Jennings, in writing, that they do not intend to have such obstruction removed therefrom.

By means of which neglect and refusal to perform their public duties said commissioners are allowing and will continue to allow such unlawful obstructions to continue and remain in said public highway, and will continue to allow public travel over such highway to be greatly obstructed, annoyed and inconvenienced.

Wherefore, etc.

James A. Eads and Dundas & O'Hair, attorneys for appellants.

J. W. Howell and Van Sellar & Shepherd, attorneys for appellees.

Mr. Justice Burroughs delivered the opinion of the court.

The record in this case shows that the amended petition filed in the Circuit Court of Edgar County, by appellants, as residents and taxpayers of their township in that county, against the appellees as commissioners of highways of that township, prayed for a peremptory writ of mandamus compelling appellees, as such commissioners, to remove or cause to be removed, a certain fence alleged to be an obstruction upon a certain described highway of said township, of which appellees had notice, but refused to remove it or cause it to be removed.

The appellees demurred to the petition as amended, and it being sustained, appellants abided by their amended petition and the court dismissed it, rendering judgment accordingly; to reverse which, appellants prosecute this appeal.

Under the facts stated in the amended petition, which were admitted by demurrer, it was the clear duty of appellees to have caused the obstruction named in the petition to be removed.   Brokaw v. Comrs. of Highways, 130 Ill. 482.

Appellees contend in this court, that the highway claimed

to be obstructed in the petition, is not described with sufficient certainty, as several routes would answer such description. The amended petition, we find, does definitely fix the termini of the highway in question, approximates its width and gives its general direction; and in the absence of even a claim that there is more than one highway which might answer equally as well to the description given, it seems to us that it would be unreasonable to conclude that a person of ordinary intelligence would not easily discover the highway intended, and find the obstruction described in the petition, if it was there as alleged.

We think the Circuit Court erred in sustaining the demurrer to the amended petition, for which reason its judgment will be reversed and the case remanded with directions to overrule the demurrer to the amended petition, and then proceed as to law and justice appertain.

Reversed and remanded with directions.