THE CITY OF ARKANSAS CITY, *Appellant,* v. ROY D. ROBERTS, *Appellee.*

No. 18,560.

### SYLLABUS BY THE COURT.

1. COMPLAINT—*Obstructing City Police Officer—Requirements in Accusation.* The essential requirement in an accusation is that the accused shall be informed as to the nature of the offense for the commission of which he is to be tried and with sufficient definiteness as to enable him to prepare for trial. *Held,* that the complaint herein meets these requirements.

2. ——— *Conviction under City Ordinance—Sentence may Include Costs.* One convicted of violating an ordinance of a city of the second class for opposing and obstructing an officer in the discharge of his official duties and which prescribed a fine as punishment of the offense may, under the provisions of section 1439 of the General Statutes of 1909, be adjudged to pay the costs and to stand committed until the fine and costs are paid.

Arkansas City v. Roberts.

3. APPEAL—*By Cities of the Second Class—Statute.* The act purporting to give cities of the second and third class the right to appeal in certain cases (Laws 1907, ch. 261) is not invalid because of defects in its title.

Appeal from Cowley district court. Opinion filed May 10, 1913. Reversed.

*John Parman,* of Arkansas City, for the appellant.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order quashing a complaint, in which it was alleged:

"That Roy D. Roberts did on the 15th day of September, 1912, within the corporate limits of the city of Arkansas City in Cowley county, and state of Kansas, knowingly, willfully and unlawfully oppose, obstruct and seek to intimidate affiant, who was then and there a police officer of said city and on duty, in the discharge of affiant's official duties in an attempt to arrest and put under bond one J. H. McElhinney for violating the speed ordinances of said city, by then and there using loud and profane language and advising and ordering said J. H. McElhinney, in the presence of affiant, to' drive on and not to pay any attention to the orders and commands of affiant, and by conducting himself in a threatening and boisterous manner and by intimidating and assaulting affiant in his attempt to perform his official duties, as aforesaid, and then and there preventing affiant from arresting and putting under bond the said J. H. McElhinney, all in violation of and contrary to section one, article four, of ordinance No. 81 of said city."

The ordinance referred to provides that:

"Any person who shall knowingly and willfully oppose or obstruct the marshal or any of his deputies or any policeman of this city in the discharge of official duty or shall by threats or otherwise seek to intimidate any officer from the discharge of any official duty, shall be deemed guilty of a misdemeanor and shall be fined

for each and every such offense in any sum not exceeding one hundred dollars."

It is contended that the complaint is fatally defective in that it does not sufficiently allege that Myers was a police officer or that appellee knew him to be an officer, and also that it did not allege that the officer was acting in the discharge of his duty with authority to arrest McElhinney at the time of appellee's interference, and, further, that it did not set forth sufficiently the acts of resistance of appellee. While the complaint might have been made more elaborate and specific in its averments it certainly charges a violation of the ordinance. Appellee was charged with opposing and obstructing an officer in the discharge of his duty by intimidating and assulting the officer while he was endeavoring to arrest an offender, and it is also stated that he obstructed the officer in the discharge of his duty by advising the offender to escape and not submit to an arrest by the officer. The averment that these things were knowingly done means that appellee knew that Myers was a policeman and also that he was acting in the line of duty when attempting to arrest McElhinney. A charge that he assaulted the affiant and advised McElhinney to drive on and pay no attention to the orders and commands of the officer is certainly a sufficient statement of the overt acts of the appellee. Ordinarily it is sufficient to charge an offense in the language of the statute or ordinance which defines and describes the elements of the offense. (*The State v. Foster*, 30 Kan. 365, 2 Pac. 628; *The State v. McGaffin*, 36 Kan. 315, 13 Pac. 560.) The ordinance under which the complaint is framed is described in the complaint. The averments of the charge bring the case within the offense defined in the ordinance and sets out every essential element constituting the offense. It was expanded even beyond the statutory language where it showed the particular acts and conduct of the accused in opposing and resisting the officer. It advised ap-

pellee of the nature of the offense upon which he was to be tried and definitely enough to enable him to prepare for trial, and that is the essential purpose of the accusation.

It is contended that the ordinance is invalid because it fails to specifically provide that persons convicted of offenses shall be adjudged to pay the costs and imprisoned until they are. paid. The general statutory provision authorizing the enactment and enforcement of ordinances authorizes the imposition of costs upon those convicted of violating ordinances, and also provides that they may be held in custody until the fine and costs are paid. (Gen. Stat. 1909, §1412.) The appellee, however, need not be concerned about the omission of this provision from the ordinance itself as there is another statutory provision relating to cities of this class which provides that when the defendant is convicted the court shall, in addition to the punishment prescribed in the ordinance, adjudge that the defendant shall pay the costs and stand committed until the judgment is complied with. (Gen. Stat. 1909, § 1439.) This statute supplements the ordinance and gives the court as full authority in respect to the costs and the commitment until the judgment has been satisfied as if the provisions had been repeated in the ordinance itself. (*In re McCort, Petitioner,* 52 Kan. 18, 34 Pac. 456.) The cited case of *In re Van Tuyl,* 71 Kan. 659, 81 Pac. 181, is not applicable. There a city undertook, by an ordinance, to diminish the prescribed punishment and the one uniformly imposed by the legislature for the commission of a particular offense, and the ordinance was held to be void. Here there is no such conflict, nor was there an effort to enlarge or dimish the penalty prescribed by the legislature for the commission of an offense.

There is nothing substantial in the claim that the city was not entitled to take this appeal because the title of the act is insufficient. The title is, "An act au-

thorizing appeals to cities of the second and third class." (Laws 1907, ch. 261.) It is argued that this language means an appeal from some officer or tribunal to cities of the classes mentioned. Although the expression is somewhat awkward we think it is the equivalent of giving appeals to second- and third-class cities or conferring upon such cities the right to appeal.

The judgment of the district court quashing the complaint will be reversed and the cause remanded for further proceedings.